# Exhibit 5

1   Christopher J. Keller (pro hac vice)
    Jonathan Gardner (pro hac vice)
2   LABATON SUCHAROW LLP
    140 Broadway
3   New York, New York  10005
    Telephone:  (212) 907-0700
4   Facsimile:    (212) 818-0477

5   Attorneys for Lead Plaintiff Kwok Wong
    and Lead Counsel for the Class
6
    Robert A. Sacks (Cal.Bar No. 150146)
7   Adam S. Paris (Cal. Bar No. 190693)
    Heidi B. Bradley (Cal. Bar No. 243403)
8   SULLIVAN & CROMWELL LLP
    1888 Century Park East, Suite 2100
9   Los Angeles, California  90067
    Telephone:  (310) 712-6600
10  Facsimile:    (310) 712-8800

11  Attorneys for Defendant MRV
    Communications, Inc., with authority to
12  execute on behalf of Individual Defendants

13              **UNITED STATES DISTRICT COURT**

14             **CENTRAL DISTRICT OF CALIFORNIA**

15  KEVIN D. RAMSEY, Individually And On ) Civil Action No. CV08-04561
    Behalf of All Similarly Situated,    ) GAF(RCx)
16                                       )
17                        Plaintiff,     )
                                         )
18             v.                        ) Honorable Gary A. Feess
                                         )
19  MRV COMMUNICATIONS INC.,             )
    NOAM LOTAN, SHAY GONEN,              )
20  MICHAEL BLUST, KEVIN RUBIN,          ) STIPULATION AND
    GUY AVIDAN, GUENTER                  ) AGREEMENT OF SETTLEMENT
21  JAENSCH, IGAL SHIDLOVSKY,            )
    DANIEL TSUI, BARUCH FISHCHER,        )
22                                       )
23                                       )
                          Defendants.    )
24                                       )

25

26

27

28

1    This stipulation and agreement of settlement ("Stipulation" or "Settlement")

2  is made and entered into by and between Court-appointed lead plaintiff Kwok

3  Wong ("Lead Plaintiff"), individually and on behalf of a putative class, and

4  defendants MRV Communications, Inc. ("MRV" or the "Company"), Noam Lotan

5  ("Lotan"), Shay Gonen ("Gonen"), Kevin Rubin ("Rubin"), Guy Avidan

6  ("Avidan"), Michael Blust ("Blust"), Guenter Jaensch ("Jaensch"), Igal Shidlovsky

7  ("Shidlovsky"), Daniel Tsui ("Tsui") and Baruch Fischer ("Fischer") (collectively,

8  "Individual Defendants" and together with MRV, "Defendants").

9    **WHEREAS:**

10    A.    All words or terms used herein that are capitalized shall have the

11  meaning ascribed to those words or terms as set forth herein and in Paragraph 1

12  hereof entitled "Certain Definitions."

13    B.    On July 11, 2008, a class action complaint alleging violations of the

14  federal securities laws, *Ramsey v. MRV Communications, Inc., et al.,* No. 08-04561

15  (GAF) (RCx) was filed in this Court (the "Litigation").  By Order entered

16  December 1, 2008, the Court appointed Kwok Wong to serve as Lead Plaintiff, and

17  approved Lead Plaintiff's selection of Labaton Sucharow LLP ("Labaton

18  Sucharow") to serve as Lead Counsel.

19    C.    The initial complaint was later amended by the filing of the First

20  Amended Consolidated Class Action Complaint for Violation of the Federal

21  Securities Laws on January 30, 2009, which alleged securities fraud violations

22  against Defendants based on allegations that certain directors and officers of MRV

23  improperly backdated the Company's stock option grants and made materially

24  false and misleading statements regarding MRV's financial results and accounting

25  for stock options.  The complaint also alleged that Defendants' misrepresentations

26  and omissions rendered the Company's public statements and periodic reports filed

27  with the Securities and Exchange Commission ("SEC") materially false and

28  misleading in violation of Sections 10(b), 14(a) and 20(a) of the Securities

1    Exchange Act of 1934, and Rule 10b-5 promulgated thereunder.  The complaint

2    further alleged that, as a result of Defendants' misrepresentations and omissions,

3    the price of MRV's common stock was artificially inflated during the period

4    between March 31, 2003 and June 5, 2008, inclusive.

5         D.    MRV filed restated financial statements on or about October 8, 2009

6    as of and for the years ended December 31, 2007 and December 31, 2006, and

7    related disclosures and financial data for the years ended December 31, 2007,

8    December 31, 2006, December 31, 2005 and December 31, 2004, and the quarter

9    ended March 31, 2008 (the "Restatement").

10        E.    On February 16, 2010, Lead Plaintiff filed a Second Amended

11   Consolidated Class Action Complaint for Violation of the Federal Securities Laws

12   ("Second Amended Complaint"), incorporating allegations concerning MRV's

13   Restatement.

14        F.    Lead Plaintiff, through Lead Counsel, has conducted arm's-length

15   negotiations with counsel for the Defendants in an effort to settle the claims in

16   dispute and to achieve the best relief possible consistent with the interests of the

17   putative class, including participating in a mediation with counsel for the

18   Defendants on November 17, 2009 before an independent and highly experienced

19   mediator, Anthony A. Piazza of Gregoria Haldeman Piazza Rotman Frank &

20   Feder.

21        G.    Through these settlement negotiations, the Parties reached an

22   agreement in principle to completely resolve the Litigation, subject to the

23   completion of confirmatory discovery and memorialization of the final terms of the

24   settlement in this Stipulation.

25        H.    Each of the Defendants has denied and continues to deny having

26   violated or intended to violate any law, rule or regulation or having breached or

27   intended to breach any duty of any kind or having committed any wrongdoing

28   whatsoever.  This Stipulation, whether or not consummated, any proceedings

1 relating to any settlement, or any of the terms of any settlement, whether or not

2 consummated, shall in no event be construed as, or deemed to be evidence of, or an

3 admission or concession on the part of any Defendant with respect to, any claim or

4 of any fault or liability or wrongdoing or damage whatsoever, or any infirmity in

5 any defense that any or all Defendants have or could have asserted in the

6 Litigation.  Defendants state that they are entering into this Settlement solely to

7 eliminate the burden, expense, uncertainty and risk of further litigation.

8       I.     Lead Plaintiff believes that the claims asserted in the Litigation have

9 merit and that the evidence developed to date supports the claims asserted.

10 However, Lead Plaintiff and Lead Counsel recognize and acknowledge the

11 expense and length of continued proceedings necessary to prosecute the Litigation

12 against the Defendants through trial and appeals.  Lead Plaintiff and Lead Counsel

13 also have taken into account the uncertain outcome and the risk of any litigation,

14 especially in complex actions such as the Litigation, as well as the difficulties and

15 delays inherent in such litigation.  Lead Counsel also is mindful of the inherent

16 problems regarding proof of and the possible defenses to the violations asserted in

17 the Litigation.  Lead Plaintiff and Lead Counsel believe that the settlement set

18 forth in this Stipulation confers very favorable monetary benefits upon the

19 Settlement Class.  Based on their evaluation, Lead Plaintiff and Lead Counsel have

20 determined that the settlement set forth in this Stipulation is in the best interests of

21 the Settlement Class.

22       **NOW THEREFORE,** without any concession by Lead Plaintiff that the

23 Litigation lacks merit, and without any concession by Defendants of any liability

24 or wrongdoing or lack of merit in their defenses, it is hereby **STIPULATED AND**

25 **AGREED,** by and among the Parties to this Stipulation, through their respective

26 attorneys, subject to approval by the Court pursuant to Rule 23(e) of the Federal

27 Rules of Civil Procedure, that, in consideration of the benefits flowing to the

28 Parties hereto, all Released Claims and all Released Defendants' Claims as against

1    all Released Parties shall be compromised, settled, released and dismissed with

2    prejudice, and without costs, upon and subject to the following terms and

3    conditions:

**CERTAIN DEFINITIONS**

4

5        1.      As used in this Stipulation, the following terms shall have the

6    meanings set forth below:

7            (a)    "Authorized Claimant" means a Class Member who timely

8    submits a valid Proof of Claim to the Claims Administrator.

9            (b)    "Claims Administrator" means the firm of Berdon Claims

10   Administration LLC, which has been retained by Lead Counsel, subject to Court

11   approval, to process Proofs of Claim and administer the Settlement.

12           (c)    "Class Member" means any person or entity that is a member of

13   the Settlement Class and not excluded therefrom.

14           (d)    "Class Period" means the period between March 31, 2003 and

15   October 8, 2009, inclusive.

16           (e)    "Company" means MRV Communications, Inc.

17           (f)    "Court" means the United States District Court for the Central

18   District of California.

19           (g)    "Defendants' Counsel" means the law firm of Sullivan &

20   Cromwell LLP.

21           (h)    "Distribution Order" means an order of the Court approving the

22   Claims Administrator's administrative determinations concerning the acceptance

23   and rejection of the claims submitted and approving any fees and expenses not

24   previously paid for, including the fees and expenses of the Claims Administrator,

25   and, if the Effective Date has occurred, directing payment of the Net Settlement

26   Fund to Authorized Claimants.

27           (i)    "Effective Date" means the date upon which the Settlement

28   shall become effective, as set forth in Paragraph 38 below.

(j)     "Escrow Account" means the interest bearing account to be established by Lead Counsel at a federally-insured banking institution.  With the sole exception of making payment into the Escrow Account as provided for in Paragraph 6 below, Defendants shall have no responsibility or liability relating to the Escrow Account or the monies maintained in the Escrow Account, including, without limitation, any responsibility or liability related to any fees, taxes and tax expenses, investment decisions, maintenance, supervision and distributions of any portion of the Settlement Amount.

(k)     "Escrow Agent" means Lead Counsel.

(l)     "Final," with respect to the Judgment, means the later of: (i) if there is an appeal from the Judgment, the date of final affirmance on appeal and the expiration of the time for any further judicial review whether by appeal, reconsideration or a petition for a writ of certiorari and, if certiorari is granted, the date of final affirmance of the Judgment following review pursuant to the grant; or (ii) the expiration of the time for the filing or noticing of any appeal from the Court's Judgment, without any such appeal being taken.  However, any appeal or proceeding seeking subsequent judicial review pertaining solely to Court approval of the Plan of Allocation of the Net Settlement Fund, or to the Court's award of attorneys' fees or expenses, shall not affect the time set forth above for the Judgment to become Final.

(m)     "Individual Defendants" means Lotan, Gonen, Rubin, Avidan, Blust, Jaensch, Shidlovsky, Tsui and Fischer.

(n)     "Judgment" means the proposed judgment to be entered approving the Settlement substantially in the form attached hereto as Exhibit B.

(o)     "Lead Counsel" means the law firm of Labaton Sucharow LLP.

(p)     "Lead Plaintiff" means Kwok Wong.

(q)     "Litigation" means *Ramsey* v. *MRV Communications, Inc., et al.,* No. 08-04561 (GAF) (RCx), and all actions consolidated therewith, pending in

1  the United States District Court for the Central District of California, before the

2  Honorable Gary A. Feess.

3           (r)   "Net Settlement Fund" means the Settlement Fund less: (i)

4  Court awarded attorneys' fees and expenses; (ii) Notice and Administration

5  Expenses; (iii) any required Taxes; and (iv) any other fees or expenses approved by

6  the Court, including an award to the Lead Plaintiff of any costs and expenses

7  allowed by the Private Securities Litigation Reform Act, 15 U.S.C. §78u-4.

8           (s)   "Notice" means the Notice of Pendency of Class Action and

9  Proposed Settlement, which is to be sent to members of the Settlement Class,

10 substantially in the form attached as Exhibit 1 to Exhibit A hereto.

11          (t)   "Notice and Administration Expenses" means all fees and

12 expenses incurred in connection with: (i) the preparation and printing of the Notice

13 and Summary Notice; (ii) providing notice to the Settlement Class by mail,

14 publication and other means; (iii) receiving and reviewing claims; (iv) applying the

15 Plan of Allocation; (v) corresponding with Class Members; and (vi) fees related to

16 the Escrow Account and investment of the Settlement Fund.

17          (u)   "Party" or "Parties" means Defendants, the Settlement Class

18 and Lead Plaintiff.

19          (v)   "Person" means an individual, corporation, general or limited

20 partnership, association, joint stock company, joint venture, limited liability

21 company, estate, legal representative, trust, unincorporated association,

22 government or any political subdivision or agency thereof and any other business

23 or legal entity.

24          (w)   "Preliminary Approval Order" means the proposed order

25 preliminarily approving the Settlement and directing notice to the Settlement Class

26 of the pendency of the Litigation and of the Settlement, which shall be

27 substantially in the form attached hereto as Exhibit A.

28

1          (x)    "Proof of Claim" means the Proof of Claim and Release form

2    for submitting a claim, which shall be substantially in the form attached as Exhibit

3    2 to Exhibit A hereto.

4          (y)    "Released Claims" means all claims and causes of action of

5    every nature and description, whether known or unknown (as defined below),

6    arising from the beginning of time to the Effective Date, whether under federal,

7    state, common or foreign law, that Lead Plaintiff or any member of the Settlement

8    Class (i) claimed or could have claimed against any Defendant in this Litigation

9    arising out of or related in any way to any of the facts, matters, transactions,

10   allegations, claims in the Second Amended Complaint or MRV's grants of stock

11   options between 1995 and 2008, or (ii) has or could have, arising out of the

12   defense, settlement or resolution of the Litigation (other than claims to enforce the

13   Settlement).  However, the release of the Released Claims shall not release, bar,

14   waive, or otherwise affect claims that have been brought or could have been

15   brought in the shareholder derivative actions captioned *In re MRV*

16   *Communications, Inc. Derivative Litigation*, Docket No. 2:08-CV-03800 GAF

17   (RCx), pending in the Central District of California, and *Ke v. Margalit, et al.*,

18   Docket No. BC393856, pending in the Superior Court of California, Los Angeles

19   County, with respect to which all parties reserve their rights.

20         (z)    "Released Defendants' Claims" means all claims, rights and

21   causes of action of every nature and description (including any claims for costs),

22   whether known or unknown (as defined below), whether arising under federal,

23   state or any other law, that the Defendants, or any of them, asserted, or could have

24   asserted, against any of the Released Plaintiff Parties that arise out of or relate in

25   any way to the commencement, prosecution, settlement or resolution of the

26   Litigation (other than claims to enforce the Settlement).

27         (aa)   "Released Defendant Parties" means any and all of the

28   Defendants, their heirs, executors, administrators, trustees, predecessors,

1  successors, representatives or assigns, and the current or former officers, directors,

2  employees, insurers, reinsurers, attorneys, affiliates, subsidiaries, committees,

3  managers, or fiduciaries of any Defendant, including, without limitation, MRV and

4  current or former members of its board of directors and its current or former

5  officers.

6          (bb)   "Released Parties" means the Released Defendant Parties and

7  the Released Plaintiff Parties collectively.

8          (cc)   "Released Plaintiff Parties" means Lead Plaintiff, the

9  Settlement Class, Lead Counsel and their respective partners, employees, heirs,

10  executors, administrators, trustees, successors, predecessors and assigns.

11          (dd)   "Settlement" means the resolution of the Litigation as against

12  the Defendants in accordance with the terms and provisions of this Stipulation.

13          (ee)   "Settlement Class" means all Persons who purchased the

14  common stock of MRV during the period between March 31, 2003 and October 8,

15  2009, inclusive, and were damaged thereby.  Excluded from the Settlement Class

16  are: Defendants; the current and former officers and directors of the Company; the

17  members of the immediate families of any excluded Person; the legal

18  representatives, heirs, successors or assigns of any excluded Person; any entity in

19  which any Defendant has or had a controlling interest; and any Person that timely

20  and validly seeks exclusion from the Settlement Class.

21          (ff)   "Settlement Amount" means $10 million.

22          (gg)   "Settlement Fund" means (i) the $10 million to be paid by or on

23  behalf of the Defendants into the Escrow Account (as set forth in Paragraph 6

24  below) and (ii) any earnings on any monies held in the Escrow Account.

25          (hh)   "Settlement Hearing" means the hearing to be held by the Court

26  to determine whether the proposed Settlement is fair, reasonable and adequate and

27  should be approved.

28

1       (ii)    "Stipulation" means this Stipulation and Agreement of

2   Settlement.

3       (jj)    "Summary Notice" means the Summary Notice of Pendency of

4   Class Action and Hearing on Proposed Settlement for publication, which shall be

5   substantially in the form attached as Exhibit 3 to Exhibit A hereto.

6       (kk)    "Taxes" means all taxes on the income of the Settlement Fund

7   and expenses and costs incurred in connection with the taxation of the Settlement

8   Fund (including, without limitation, interest, penalties and the expenses of tax

9   attorneys and accountants).

10      (ll)    "Unknown Claims" means any and all Released Claims, which

11  the Lead Plaintiff or any Class Member does not know to exist in his, her or its

12  favor at the time of the release of the Released Defendant Parties, and any

13  Released Defendants' Claims that any Defendant does not know exist in his, her or

14  its favor at the time of the release of the Released Plaintiff Parties, which if known

15  by such Person might have affected such Person's decisions with respect to the

16  Settlement.  The Parties intend the releases contained in this Stipulation to be full

17  and complete.  Consequently, with respect to any and all Released Claims and

18  Released Defendants' Claims, the Parties stipulate and agree that, upon the

19  Effective Date, the Lead Plaintiff and the Defendants shall expressly, and each

20  Class Member shall be deemed to have, and by operation of the Judgment shall

21  have, expressly waived any and all provisions, rights and benefits conferred by any

22  law of any state or territory of the United States, or principle of common law,

23  which is similar, comparable, or equivalent to Cal. Civ. Code § 1542, which

24  provides:

25          **A general release does not extend to claims which the
            creditor does not know or suspect to exist in his or her
26          favor at the time of executing the release, which if
            known by him or her must have materially affected
27          his or her settlement with the debtor.**

28

1  Lead Plaintiff and Defendants acknowledge, and other Class Members by

2  operation of law shall be deemed to have acknowledged, that the inclusion of

3  "Unknown Claims" in the definition of Released Claims and Released Defendants'

4  Claims was separately bargained for and was an essential element of the

5  Settlement.

6  <u>**SCOPE AND EFFECT OF SETTLEMENT**</u>

7      2.    The obligations incurred pursuant to this Stipulation are, subject to

8  approval by the Court and such approval becoming Final, in full and final

9  disposition of the Litigation with respect to the Released Parties and any and all

10 Released Claims and Released Defendants' Claims.

11     3.    For purposes of this Settlement only, Lead Plaintiff and Defendants

12 agree to certification of the Litigation as a class action, pursuant to Fed. R. Civ. P.

13 23(a) and 23(b)(3), as defined herein.

14     4.    As of the Effective Date, Lead Plaintiff and each and every Class

15 Member on behalf of themselves, and each of their respective heirs, executors,

16 trustees, administrators, predecessors, successors and assigns by operation of the

17 Judgment, shall have fully, finally and forever waived, released, discharged and

18 dismissed each and every one of the Released Claims against each and every one

19 of the Released Defendant Parties and shall forever be barred and enjoined,

20 without the necessity of posting a bond, from commencing, instituting, prosecuting

21 or maintaining any of the Released Claims against any of the Released Defendant

22 Parties.

23     5.    As of the Effective Date, each of the Defendants, on behalf of

24 themselves, and each of their respective heirs, executors, trustees, administrators,

25 predecessors, successors and assigns by operation of the Judgment, shall have

26 fully, finally and forever waived, released, discharged and dismissed each and

27 every one of the Released Defendants' Claims, as against each and every one of

28 the Released Plaintiff Parties and shall forever be barred and enjoined, without the

---

1  necessity of posting a bond, from commencing, instituting, prosecuting or

2  maintaining any of the Released Defendants' Claims against any of the Released

3  Plaintiff Parties.

## THE SETTLEMENT CONSIDERATION

5      6.      In full settlement of the claims asserted in the Litigation against the

6  Defendants and in consideration of the releases specified in Paragraph 4 above,

7  Defendants shall pay or cause to be paid the "Settlement Amount" into the Escrow

8  Account no later than fifteen (15) business days after the date on which the Court

9  enters the Preliminary Approval Order.  Other than paying or causing to be paid

10  the Settlement Amount, Defendants shall have no obligation and shall not be

11  required to make any payments pursuant to this Settlement, and shall have no

12  liability or responsibility for the Escrow Account, the Plan of Allocation or the

13  distribution or administration of the Settlement Fund.

## USE AND TAX TREATMENT OF SETTLEMENT FUND

15      7.      The Settlement Fund shall be used: (i) to pay any Taxes; (ii) to pay

16  Notice and Administration Expenses; (iii) to pay any attorneys' fees and expenses

17  awarded by the Court; (iv) to pay any costs and expenses allowed by the Private

18  Securities Litigation Reform Act, 15 U.S.C. §78u-4, and awarded to the Lead

19  Plaintiff by the Court; and (v) to pay claims to Authorized Claimants.

20      8.      The Net Settlement Fund shall be distributed to Authorized Claimants

21  as provided in Paragraphs 15 though 30 hereof.  The Net Settlement Fund shall

22  remain in escrow prior to the Effective Date.  All funds held in the Escrow

23  Account shall be deemed to be in the custody of the Court and shall remain subject

24  to the jurisdiction of the Court until such time as the funds shall be distributed or

25  returned, pursuant to Paragraph 43 of this Stipulation, and/or further order of the

26  Court.  The Escrow Account shall be invested in instruments backed by the full

27  faith and credit of the United States Government, or fully insured by the United

28  States Government or an agency thereof, and the proceeds of these instruments

1  shall be reinvested as they mature in similar instruments at the then-current market

2  rates, provided however, that any residual cash balances and cash pending

3  investment in United States Treasury Bills, may be invested and reinvested in a

4  money market mutual fund comprised exclusively of investments secured by the

5  full faith and credit of the United States.  Neither Defendants nor Defendants'

6  Counsel shall have any responsibility or liability for investment decisions.

7       9.       After the Settlement Amount has been paid by Defendants into the

8  Escrow Account in accordance with Paragraph 6 above, the Parties agree to treat

9  the Settlement Amount, as a "qualified settlement fund" within the meaning of

10  Treas. Reg. § 1.468B-1.  In addition, Lead Counsel shall timely make, or cause to

11  be made, such elections as necessary or advisable to carry out the provisions of this

12  paragraph, including the "relation-back election" (as defined in Treas. Reg. §

13  1.468B-1) back to the earliest permitted date.  Such election shall be made in

14  compliance with the procedures and requirements contained in such regulations.  It

15  shall be the responsibility of Lead Counsel to timely and properly prepare and

16  deliver, or cause to be prepared and delivered, the necessary documentation for

17  signature by all necessary parties, and thereafter take all such actions as may be

18  necessary or appropriate to cause the appropriate filing to occur.

19       (a)      For the purposes of Section 468B of the Internal Revenue Code

20  of 1986, as amended, and Treas. Reg. § 1.468B promulgated thereunder, the

21  "administrator" shall be Lead Counsel or its successor, which shall timely and

22  properly file, or cause to be filed, all informational and other tax returns necessary

23  or advisable with respect to the interest earned on the fund deposited in the Escrow

24  Account (including without limitation the returns described in Treas. Reg.

25  § 1.468B-2(k)).  Such returns (as well as the election described above) shall be

26  consistent with this paragraph and in all events shall reflect that all taxes (including

27  any estimated taxes, interest, or penalties) on the income earned on the funds

28

1   deposited in the Escrow Account shall be paid out of such funds as provided in

2   subparagraph (c) hereof.

3         (b)    Taxes on the income of the Settlement Fund and expenses and

4   costs incurred in connection with the taxation of the Settlement Fund (including,

5   without limitation, interest, penalties and the expenses of tax attorneys and

6   accountants) (collectively "Taxes") shall be paid solely out of the Escrow Account.

7   In all events, the Defendants shall have no liability or responsibility for the Taxes

8   or the filing of any tax returns or other documents with the Internal Revenue

9   Service or any other state or local taxing authority.  In the event any Taxes and Tax

10  Expenses are owed by any Defendant on any interest earned on the funds on

11  deposit in the Escrow Account, such amounts shall also be paid out of the Escrow

12  Account.

13        (c)    Taxes shall be treated as, and considered to be, a cost of

14  administration of the Settlement and shall be timely paid, or caused to be paid, by

15  Lead Counsel out of the Escrow Account without prior order from the Court, and

16  Lead Counsel shall be obligated (notwithstanding anything herein to the contrary)

17  to withhold from distribution to Authorized Claimants any funds necessary to pay

18  such amounts (as well as any amounts that may be required to be withheld under

19  Treas. Reg. § 1.468B-2(1)(2)).  The Parties agree to cooperate with Lead Counsel,

20  each other, and their tax attorneys and accountants to the extent reasonably

21  necessary to carry out the provisions of this paragraph.

22      10.    This is not a claims-made settlement.  As of the Effective Date,

23  Defendants shall not have any right to the return of the Settlement Fund or any

24  portion thereof for any reason.

25                **ATTORNEYS' FEES AND EXPENSES**

26      11.    Lead Counsel, on behalf of all plaintiffs' counsel in the Litigation,

27  will apply to the Court for an award from the Settlement Fund of (i) attorneys' fees

28  and (ii) reimbursement of litigation expenses incurred in prosecuting the Litigation,

plus any interest on such amounts at the same rate and for the same periods as earned by the Settlement Fund ("Fee and Expense Application").  Defendants agree not to oppose the Fee and Expense Application.  Subject to Court approval, any attorneys' fees and expenses awarded by the Court shall be paid from the Settlement Fund to Lead Counsel immediately after entry of the Order awarding such attorneys' fees and expenses, notwithstanding the existence of any timely filed objections thereto, or potential for appeal therefrom, or collateral attack on the Settlement or any part thereof.

12.   Lead Counsel shall determine and distribute the attorneys' fees among plaintiffs' counsel in a manner in which they believe reflects the contributions of such counsel to the prosecution and settlement of the Litigation with Defendants and the benefits conferred on the Settlement Class or as may otherwise be directed by the Court.

13.   To the extent Lead Counsel or any other plaintiffs' counsel receives any award of attorneys' fees or expenses prior to the Effective Date, Lead Counsel and each such plaintiffs' counsel is obligated to refund to the Settlement Fund, (i) within fourteen (14) business days, the amount received by each plus accrued interest at the rate earned by the Settlement Fund, if and when, as a result of any appeal and/or further proceeding on remand, or successful collateral attack, the attorneys' fees or expense award is reduced or reversed, if the award order does not become final, if the Settlement itself is voided by any Party as provided herein, or if the Settlement is later reversed or modified by any court, or (ii) as may otherwise be ordered by the Court.

14.   Lead Plaintiff and Lead Counsel may not cancel or terminate the Stipulation or the Settlement in accordance with Paragraph 39 or otherwise based on this Court's or any appellate court's ruling with respect to the Fee and Expense Application or other fee and expense award in the Litigation.  Defendants have no

1  responsibility or liability for the payment or allocation of attorneys' fees and

2  expenses.

## ADMINISTRATION EXPENSES

4      15.    Except as otherwise provided herein, the Settlement Fund shall remain

5  in escrow pending (i) final approval of the Settlement by the Court, (ii) the

6  expiration of all rights of appeal of the Judgment, and (iii) the final denial of any

7  and all appeals or objections or collateral attacks or challenges to the Settlement.

8      16.    Prior to the Effective Date and without further order of the Court,

9  Lead Counsel may expend up to $500,000 from the Settlement Fund to pay the

10  Notice and Administration Expenses actually incurred.  Such costs and expenses

11  shall include, without limitation, the actual costs of publication, printing and

12  mailing the Notice, reimbursements to nominee owners for forwarding the Notice

13  to their beneficial owners, the administrative expenses incurred and fees charged

14  by the Claims Administrator in connection with providing Notice and processing

15  the submitted claims, and the fees, if any, related to the Escrow Account and the

16  investment of the Settlement Fund.

17      17.    Lead Counsel will apply to the Court for a Distribution Order, on

18  notice to Defendants' Counsel, approving the Claims Administrator's

19  administrative determinations concerning the acceptance and rejection of the

20  claims submitted herein and approving any fees and expenses not previously paid,

21  including the fees and expenses of the Claims Administrator, and, if the Effective

22  Date has occurred, directing the payment of the Net Settlement Fund to Authorized

23  Claimants.

24      18.    The Claims Administrator shall administer the Settlement under Lead

25  Counsel's supervision and subject to the jurisdiction of the Court.  Defendants

26  shall have no responsibility for the administration of the Settlement, and shall have

27  no liability to the Settlement Class in connection with such administration.

28

## DISTRIBUTION TO AUTHORIZED CLAIMANTS

19.     The Claims Administrator shall determine each Authorized Claimant's *pro rata* share of the Net Settlement Fund based upon each Authorized Claimant's Recognized Loss, as defined in the Plan of Allocation of Net Settlement Fund (the "Plan of Allocation") included in the Notice, or in such other plan of allocation as the Court may approve.  Each Authorized Claimant shall be allocated a *pro rata* share of the Net Settlement Fund based on his, her or its Recognized Loss compared to the total Recognized Losses of all Authorized Claimants and in accordance with the Plan of Allocation.

20.     Defendants take no position with respect to the Plan of Allocation. The Plan of Allocation is a matter separate and apart from the Settlement embodied in this Stipulation, and any decision by the Court concerning the Plan of Allocation shall not affect the validity or finality of the Settlement.  The Plan of Allocation is not a necessary term of this Stipulation and it is not a condition of this Stipulation that any particular plan of allocation be approved by the Court.  Lead Plaintiff and Lead Counsel may not cancel or terminate the Stipulation or the Settlement in accordance with Paragraph 39 or otherwise based on the Court's, or any appellate court's, ruling(s) with respect to the Plan of Allocation or any plan of allocation in the Litigation.  Defendants shall have no responsibility or liability for reviewing or challenging claims, the allocation of the Net Settlement Fund, or the distribution of the Net Settlement Fund.

## ADMINISTRATION OF THE SETTLEMENT

21.     Any member of the Settlement Class who fails to timely submit a valid Proof of Claim will not be entitled to receive any of the proceeds from the Net Settlement Fund, unless otherwise ordered by the Court, but will otherwise be bound by all of the terms of this Stipulation and the Settlement, including the terms of the Judgment to be entered in the Litigation and the releases provided for herein,

1  and will be barred from bringing any action against the Released Defendant Parties
2  concerning the Released Claims.

3      22.    Lead Counsel shall be responsible for supervising the administration
4  of the Settlement and disbursement of the Net Settlement Fund by the Claims
5  Administrator.  MRV shall provide to Lead Counsel, or the Claims Administrator,
6  sufficient information obtainable by reasonable efforts identifying by name and
7  address the persons and entities who were shareholders during the Class Period,
8  including banks, brokerage firms, institutions and other nominees and record
9  owners, within seven (7) calendar days after the Court's entry of the Preliminary
10 Approval Order.  Lead Counsel shall be solely responsible for designating the
11 Claims Administrator, subject to approval by the Court.

12     23.    For purposes of determining the extent, if any, to which a Class
13 Member shall be entitled to be treated as an "Authorized Claimant," the following
14 conditions shall apply:

15     (a)    No later than one hundred-twenty (120) calendar days after the
16 date set by the Court for mailing the Notice, or such other time as may be set by
17 the Court (the "Bar Date"), each Class Member shall be required to submit a Proof
18 of Claim (substantially in the form of Exhibit 2 to Exhibit A hereto), signed under
19 penalty of perjury, and supported by such documents as are designated therein,
20 including proof of the claimant's loss, or such other documents or proof as Lead
21 Counsel, in its discretion, may deem acceptable;

22     (b)    All Proofs of Claim must be submitted by the Bar Date unless
23 such period is extended by order of the Court.  Any Class Member who fails to
24 submit a Proof of Claim by the Bar Date shall be forever barred from receiving any
25 payment pursuant to this Stipulation (unless, by order of the Court, a later
26 submitted Proof of Claim by such Class Member is approved), but shall in all other
27 respects be bound by all of the terms of this Stipulation and the Settlement,
28 including the terms of the Judgment to be entered in the Litigation and the releases

1   provided for herein, and will be barred from bringing any action against the
2   Released Defendant Parties concerning the Released Claims.  A Proof of Claim
3   shall be deemed to have been submitted when posted, if received with a postmark
4   indicated on the envelope, provided that it is received before the motion for the
5   Class Distribution Order is filed.  In all other cases, the Proof of Claim shall be
6   deemed to have been submitted when actually received by the Claims
7   Administrator;

8   　　　　　(c)　　　Each Proof of Claim shall be submitted to and reviewed by the
9   Claims Administrator, under the supervision of Lead Counsel, who shall determine
10  in accordance with this Stipulation the extent, if any, to which each claim shall be
11  allowed, subject to review by the Court pursuant to subparagraph (f) below;

12  　　　　　(d)　　　Proofs of Claim that do not meet the submission requirements
13  may be rejected.  Prior to rejection of a Proof of Claim, the Claims Administrator
14  shall communicate with the claimant in order to afford the claimant the opportunity
15  to remedy curable deficiencies in the Proof of Claim submitted.  The Claims
16  Administrator, under supervision of Lead Counsel, shall notify in a timely fashion
17  (assuming receipt of the Proof of Claim by the Bar Date) and in writing, all
18  claimants whose Proofs of Claim they propose to reject in whole or in part, setting
19  forth the reasons therefore, and shall indicate in such notice that the claimant
20  whose claim is to be rejected in whole or in part has the right to a review by the
21  Court if such claimant so desires and if such claimant complies with the
22  requirements of subparagraph (e) below;

23  　　　　　(e)　　　If any claimant who is notified by the Claims Administrator
24  that the Claims Administrator intends to propose that his, her or its claim be
25  rejected in whole or in part desires to contest such rejection, such claimant must,
26  within the deadline established by the Claims Administrator, serve upon the
27  Claims Administrator a notice and statement indicating the claimant's grounds for
28  contesting the rejection along with any supporting documentation, and requesting a

1    review thereof by the Court. If a dispute concerning a claim cannot be otherwise

2    resolved, Lead Counsel shall thereafter present the request for review to the Court;

3    and

4              (f)     The administrative determinations of the Claims Administrator

5    accepting and rejecting claims shall be presented to the Court, on notice to

6    Defendants' Counsel, for approval by the Court in the Class Distribution Order.

7              24.    Each claimant shall be deemed to have submitted to the jurisdiction of

8    the Court with respect to the claimant's claim, and the claim will be subject to

9    investigation and discovery under the Federal Rules of Civil Procedure, provided

10   that such investigation and discovery shall be limited to the validity and amount of

11   the claimant's claim, and any such discovery shall not be sought from the

12   Individual Defendants. In connection with processing of the Proofs of Claim, no

13   discovery shall be allowed on the merits of the Litigation or of the Settlement.

14             25.    Payment pursuant to this Stipulation shall be deemed final and

15   conclusive against all Class Members. All Class Members whose claims are not

16   approved by the Court shall be barred from participating in distributions from the

17   Net Settlement Fund, but otherwise shall be bound by all of the terms of this

18   Stipulation and the Settlement, including the terms of the Judgment to be entered

19   in the Litigation and the releases provided for herein, and will be barred from

20   bringing any action against the Released Defendant Parties concerning the

21   Released Claims.

22             26.    All proceedings with respect to the administration, processing and

23   determination of claims described in Paragraphs 15 through 36 of this Stipulation

24   and the determination of all controversies relating thereto, including disputed

25   questions of law and fact with respect to the validity of claims, shall be subject to

26   the jurisdiction of the Court.

27             27.    Defendants and their counsel shall have no responsibility for, interest

28   in, or liability whatsoever with respect to: (a) the investment or distribution of the

1   Settlement Fund or the Net Settlement Fund; (b) the Plan of Allocation; (c) the

2   determination, calculation, payment or administration of claims; (d) the

3   determination, withholding, payment, or administration of Taxes; or (e) any losses

4   incurred in connection with (a), (b), (c), or (d).  No Person shall have any claim of

5   any kind against the Defendants or their counsel with respect to any such matters.

6       28.    No Person shall have any claim against Lead Plaintiff or Lead

7   Counsel, or any claims administrator, or other agent designated by Lead Plaintiff

8   or Lead Counsel, based on the distributions made substantially in accordance with

9   this Stipulation and the Settlement contained herein, the Plan of Allocation, or

10   further order(s) of the Court.

11       29.    The Net Settlement Fund shall be distributed to Authorized Claimants

12   by the Claims Administrator only after the Effective Date and after: (i) all timely

13   claims have been processed, and all claimants whose timely claims have been

14   rejected or disallowed, in whole or in part, have been notified and provided the

15   opportunity to be heard concerning such rejection or disallowance; (ii) all

16   objections with respect to all rejected or disallowed claims have been resolved by

17   the Court, and all appeals therefrom have been resolved or the time therefore has

18   expired, unless otherwise ordered by the Court; (iii) all matters with respect to

19   attorneys' fees, costs, and disbursements have been resolved by the Court, all

20   appeals therefrom have been resolved or the time therefore has expired, unless

21   otherwise ordered by the Court; and (iv) all Notice and Administrative Expenses

22   and Taxes have been paid.

23       30.    If the funds remaining in the Net Settlement Fund following *pro rata*

24   distribution(s) to all Authorized Claimants are of an amount that is not cost

25   effective or efficient to redistribute to the Settlement Class, then such remaining

26   funds, after payment of any further Notice and Administration Expenses and

27   Taxes, may, upon further court order, be contributed to an appropriate not-for-

28   profit organization(s) designated by the Lead Plaintiff.

## TERMS OF THE PRELIMINARY APPROVAL ORDER

31.    Concurrently with their application for preliminary Court approval of the Settlement contemplated by this Stipulation and promptly after execution of this Stipulation, Lead Counsel and Defendants' Counsel shall jointly apply to the Court for entry of the Preliminary Approval Order, which shall be substantially in the form annexed hereto as Exhibit A. The Preliminary Approval Order will, *inter alia*, set the date for the Settlement Hearing and prescribe the method for giving notice of the Settlement to the Settlement Class.

32.    As ordered by the Court, Lead Counsel shall cause the Claims Administrator to mail the Notice and Proof of Claim (the "Claim Packet") to members of the Settlement Class at the address of each such Person as set forth in the records of MRV or its transfer agent(s), or who otherwise may be identified through further reasonable effort. As these mailings will be made to the Class Member's last known address, it is possible that Claim Packets will be returned by the post office. If a forwarding address is provided by the post office, the Claims Administrator will re-send the Claim Packet to the Class Member at that new address. If the post office does not provide an updated address, then the Claims Administrator will attempt to locate a new address through a search of the National Change of Address database. If an address can be found in that database, the Claim Packet will be re-mailed to the Class Member at the updated address.

33.    The Claims Administrator will also mail the Claim Packet to brokerage firms, banks, institutions and other nominees, who in turn are to notify their customers of the Litigation and proposed Settlement or request that the Claims Administrator mail the Claim Packet to their customers at an address provided by the institution.

34.    Additionally, notice of the Litigation and the proposed Settlement will be posted on the Claims Administrator's website.

35.    Lead Counsel shall cause the Claims Administrator to publish the Summary Notice of the proposed Settlement in *Investor's Business Daily* and transmit it over *PR Newswire*, or other wire service, within fourteen (14) calendar days of the mailing of the Notice, or according to whatever other form or manner might be ordered by the Court.

36.    Any Person falling within the definition of the Settlement Class may be excluded from the Settlement Class by submitting to the Claims Administrator a request for exclusion, which complies with the requirements set forth in Paragraph 12 of the Preliminary Approval Order, Exhibit A hereto, and is postmarked no later than fourteen (14) calendar days prior to the date of the Settlement Hearing.  All Persons who submit valid and timely requests for exclusion shall have no rights under the Stipulation, shall not share in the distribution of the Net Settlement Fund, and shall not be bound by the Stipulation or the Judgment.  However, a Class Member may submit a written revocation of a request for exclusion to the Claims Administrator so that it is received no later than three (3) calendar days before the Settlement Hearing in order to be eligible to receive payments pursuant to this Stipulation and Settlement, provided the Class Member also submits a valid Proof of Claim, as set forth in Paragraphs 21 through 23 above, prior to the Bar Date.

## TERMS OF THE JUDGMENT

37.    If the Settlement contemplated by this Stipulation is approved by the Court, Lead Counsel and Defendants' Counsel shall jointly request that the Court enter a Judgment substantially in the form annexed hereto as Exhibit B.

## EFFECTIVE DATE OF SETTLEMENT, WAIVER OR TERMINATION

38.    The Effective Date of this Settlement shall be the date when all of the following shall have occurred:

1        (a)    entry of the Preliminary Approval Order, which shall be in all

2    material respects substantially in the form set forth in Exhibit A annexed hereto;

3        (b)    approval by the Court of the Settlement, following notice to the

4    Settlement Class and a hearing, as prescribed by Rule 23 of the Federal Rules of

5    Civil Procedure; and

6        (c)    a Judgment, which shall be in all material respects substantially

7    in the form set forth in Exhibit B annexed hereto, has been entered by the Court

8    and has become Final or, in the event that the Court enters a judgment in form

9    materially different than that provided above ("Alternative Judgment") and neither

10   of the Parties elects to terminate this Settlement, the date that such Alternative

11   Judgment becomes Final.

12       39.    Defendants and Lead Plaintiff shall have the right to terminate the

13   Settlement and this Stipulation by providing written notice of their election to do

14   so ("Termination Notice"), through counsel, to all other Parties hereto within thirty

15   (30) calendar days of: (a) the Court's declining to enter the Preliminary Approval

16   Order in any material respect; (b) the Court's refusal to approve this Stipulation or

17   any material part of it; (c) the Court's declining to enter the Judgment in any

18   material respect; (d) the date upon which the Judgment is modified or reversed in

19   any material respect by the United States Court of Appeals or the Supreme Court

20   of the United States; or (e) in the event that the Court enters an Alternative

21   Judgment and none of the Parties hereto elects to terminate this Settlement, the

22   date upon which such Alternative Judgment is modified or reversed in any material

23   respect by the Court of Appeals or the Supreme Court of the United States.

24       40.    In addition to all of the rights and remedies that the Lead Plaintiff and

25   Lead Counsel have under the terms of this Stipulation, they shall also have the

26   right to terminate the Settlement in the event that Defendants do not pay, or cause

27   to be paid, the Settlement Amount as provided in Paragraph 6 above, by providing

28   written notice of their election to terminate to all other Parties to this Stipulation

1 │ and, thereafter, Defendants fail to pay the Settlement Amount within fourteen (14)

2 │ calendar days of the written notice.

3 │     41.   If an option to withdraw from and terminate this Stipulation and

4 │ Settlement arises under Paragraphs 39 through 40 above, (i) neither Defendants nor

5 │ the Lead Plaintiff will be required for any reason or under any circumstance to

6 │ exercise that option; and (ii) any exercise of that option shall be made in good

7 │ faith, but in the sole and unfettered discretion of Defendants or the Lead Plaintiff,

8 │ as applicable.

9 │     42.   Except as otherwise provided herein, in the event the Settlement is

10 │ terminated or fails to become effective for any reason, then: the Settlement shall be

11 │ without prejudice, and none of its terms shall be effective or enforceable except as

12 │ specifically provided herein; the Parties to this Stipulation shall be deemed to have

13 │ reverted to their respective litigation positions in the Litigation immediately prior

14 │ to the execution of the Stipulation; and, except as otherwise expressly provided,

15 │ the Parties in the Litigation shall proceed in all respects as if this Stipulation and

16 │ any related orders had not been entered.  In such event, the fact and terms of this

17 │ Stipulation and any aspect of the negotiations leading to this Stipulation shall not

18 │ be admissible in any trial of this Litigation.

19 │     43.   If the Settlement fails to become effective as defined herein or is

20 │ terminated pursuant to the provisions of Paragraphs 39 though 40, any portion of

21 │ the Settlement Amount previously paid by or on behalf of Defendants, together

22 │ with any interest earned thereon, less any Taxes paid or due and Notice and

23 │ Administration Expenses actually incurred and paid or payable from the Settlement

24 │ Fund pursuant to Paragraph 16, shall be returned to the entity that made the

25 │ payment or caused the payment to be made within fifteen (15) business days after

26 │ written notification of such event.

27

28

## NO ADMISSION OF WRONGDOING

44.     Except as set forth in Paragraph 45 below, this Stipulation, whether or not consummated, and any negotiations, proceedings or agreements relating to the Stipulation, the Settlement, and any matters arising in connection with settlement negotiations, proceedings, or agreements, shall not be offered or received against the Defendants for any purpose, and in particular:

(a)     do not constitute, and shall not be offered or received against the Defendants as evidence of, or construed as, or deemed to be evidence of any presumption, concession or admission by any of the Defendants with respect to the truth of any fact alleged by the Lead Plaintiff and the Settlement Class or the validity of any claim that had been or could have been asserted in the Litigation or in any litigation, including but not limited to the Released Claims, or of any liability, negligence, fault or wrongdoing of the Defendants;

(b)     do not constitute, and shall not be offered or received against the Defendants as evidence of a presumption, concession or admission of any fault, misrepresentation or omission with respect to any statement or written document approved or made by any Defendant, or against the Lead Plaintiff or any other members of the Settlement Class as evidence of any infirmity in the claims of the Lead Plaintiff or the other members of the Settlement Class;

(c)     do not constitute, and shall not be offered or received against the Defendants or against the Lead Plaintiff or any other members of the Settlement Class, as evidence of a presumption, concession or admission with respect to any liability, negligence, fault, infirmity or wrongdoing, in any other civil, criminal or administrative action or proceeding, other than such proceedings as may be necessary to effectuate the provisions of this Stipulation;

(d)     do not constitute, and shall not be construed against Defendants, the Lead Plaintiff or any other members of the Settlement Class, as an

1  admission or concession that the consideration to be given hereunder represents the

2  amount which could be or would have been recovered after trial; and

3         (e)    do not constitute, and shall not be construed as or received in

4  evidence as, an admission, concession or presumption against the Lead Plaintiff or

5  any other members of the Settlement Class or any of them that any of their claims

6  are without merit or infirm or that damages recoverable under the Second

7  Amended Complaint, would not have exceeded the Settlement Amount.

8      45.    Defendants may file this Stipulation and/or the Judgment in any action

9  that may be brought against them in order to support a defense or counterclaim

10  based on principles of *res judicata, collateral estoppel*, release, good-faith

11  settlement, or any theory of claim preclusion or issue preclusion or similar defense

12  or counterclaim, or to effectuate the liability protection granted them under any

13  applicable insurance policies.  Any Party may file this Stipulation and/or the

14  Judgment in any action that may be brought to enforce the terms of this Stipulation

15  and/or the Judgment.  All Parties submit to the jurisdiction of the Court for

16  purposes of implementing and enforcing the Settlement.

17                        **MISCELLANEOUS PROVISIONS**

18      46.    All of the exhibits attached hereto are hereby incorporated by

19  reference as though fully set forth herein.

20      47.    The Parties to this Stipulation intend the Settlement of the Litigation

21  to be a final and complete resolution of all disputes asserted or which could have

22  been asserted by the Parties with respect to the Released Claims and Released

23  Defendants' Claims.  Accordingly, the Lead Plaintiff and Defendants agree not to

24  assert in any forum that the Litigation was brought, prosecuted or defended in bad

25  faith or without a reasonable basis.  The Parties agree that each has complied fully

26  with Rule 11 of the Federal Rules of Civil Procedure in connection with the

27  maintenance, prosecution, defense and settlement of the Litigation.  The Parties

28  agree that the amount paid and the other terms of the Settlement were negotiated at

arm's-length in good faith by the Parties, and reflect a settlement that was reached voluntarily after consultation with experienced legal counsel and impartial mediator.

48.    This Stipulation may not be modified or amended, nor may any of its provisions be waived, except by a writing signed by all Parties hereto or their successors.

49.    The headings herein are used for the purpose of convenience only and are not meant to have legal effect.

50.    The administration and consummation of the Settlement as embodied in this Stipulation shall be under the authority of the Court, and the Court shall retain jurisdiction for the purpose of entering orders providing for awards of attorneys' fees and any expenses and enforcing the terms of this Stipulation.

51.    The waiver by one party of any breach of this Stipulation by any other party shall not be deemed a waiver of any other prior or subsequent breach of this Stipulation.

52.    This Stipulation and its exhibits constitute the entire agreement among the Parties hereto concerning the Settlement of the Litigation as against Defendants, and no representations, warranties, or inducements have been made by any party hereto concerning this Stipulation and its exhibits other than those contained and memorialized in such documents.

53.    This Stipulation may be executed in one or more counterparts.  All executed counterparts and each of them shall be deemed to be one and the same instrument provided that counsel for the Parties to this Stipulation shall exchange among themselves original signed counterparts.  Signatures sent by facsimile or pdf shall be deemed originals for the purposes of satisfying California or any other rules of evidence.

54.    This Stipulation shall be binding when signed, but the Settlement shall be effective only upon the Effective Date, as defined herein.

1    55.    This Stipulation shall be binding upon, and inure to the benefit of, the

2  successors and assigns of the Parties hereto.

3    56.    The construction, interpretation, operation, effect and validity of this

4  Stipulation, and all documents necessary to effectuate it, shall be governed by the

5  internal laws of the State of California without regard to conflicts of laws, except

6  to the extent that federal law requires that federal law govern.

7    57.    This Stipulation shall not be construed more strictly against one Party

8  than another merely by virtue of the fact that it, or any part of it, may have been

9  prepared by counsel for one of the Parties, it being recognized that it is the result of

10  arm's-length negotiations among the Parties, and all Parties have contributed

11  substantially and materially to the preparation of this Stipulation.

12    58.    All counsel and any other person executing this Stipulation and any of

13  the exhibits hereto, or any related settlement documents, warrant and represent that

14  they have the full authority to do so, and that they have the authority to take

15  appropriate action required or permitted to be taken pursuant to the Stipulation to

16  effectuate its terms.

17    59.    Lead Counsel and Defendants' Counsel agree to cooperate fully with

18  one another in seeking Court approval of the Preliminarily Approval Order, the

19  Stipulation and the Settlement, and to promptly agree upon and execute all such

20  other documentation as reasonably may be required to obtain final approval by the

21  Court of the Settlement.

22

23

24

25

26

27

28

1      **IN WITNESS WHEREOF,** the Parties hereto have caused this Stipulation

2   to be executed, by their duly authorized attorneys, as of April 16, 2010.

3

4                                        **LABATON SUCHAROW LLP**

5

6

7                                        Christopher J. Keller *(pro hac vice)*

8                                        Jonathan Gardner *(pro hac vice)*
                                         140 Broadway

9                                        New York, New York 10005
                                         Telephone: (212) 907-0700

10                                       Facsimile:  (212) 818-0477

11                                       *Attorneys for Lead Plaintiff Kwok Wong*
                                         *and Lead Counsel for the Class*

12

13

14                                       **SULLIVAN & CROMWELL LLP**

15

16

17                                       Robert A. Sacks (Cal. Bar No. 150146)

18                                       Adam S. Paris (Cal. Bar No. 190693)
                                         Heidi B. Bradley (Cal. Bar No. 243403)

19                                       1888 Century Park East, Suite 2100

20                                       Los Angeles, California 90067
                                         Telephone:  (310) 712-6600

21                                       Facsimile:  (310) 712-8800

22
                                         *Attorneys for Defendant*
23                                       *MRV Communications, Inc., with authority to*
                                         *execute on behalf of Individual Defendants*
24

25

26

27

28

**IN WITNESS WHEREOF,** the Parties hereto have caused this Stipulation to be executed, by their duly authorized attorneys, as of April 16, 2010.

**LABATON SUCHAROW LLP**

_____

Christopher J. Keller *(pro hac vice)*
Jonathan Gardner *(pro hac vice)*
140 Broadway
New York, New York  10005
Telephone:  (212) 907-0700
Facsimile:   (212) 818-0477
*Attorneys for Lead Plaintiff Kwok Wong*
*and Lead Counsel for the Class*

**SULLIVAN & CROMWELL LLP**

_____

Robert A. Sacks (Cal. Bar No. 150146)
Adam S. Paris (Cal. Bar No. 190693)
Heidi B. Bradley (Cal. Bar No. 243403)
1888 Century Park East, Suite 2100
Los Angeles, California  90067
Telephone:  (310) 712-6600
Facsimile:  (310) 712-8800

*Attorneys for Defendant*
*MRV Communications, Inc., with authority to*
*execute on behalf of Individual Defendants*

**Exhibit A**

1
2   Christopher J. Keller (*pro hac vice*)
    Jonathan Gardner (*pro hac vice*)
3   LABATON SUCHAROW LLP
    140 Broadway
4   New York, New York  10005
    Telephone:  (212) 907-0700
5   Facsimile:    (212) 818-0477

*Attorneys for Lead Plaintiff Kwok Wong*
*and Lead Counsel for the Class*

6   Robert A. Sacks (Cal. Bar No. 150146)
7   Adam S. Paris (Cal. Bar No. 190693)
    Heidi B. Bradley (Cal. Bar No. 243403)
8   SULLIVAN & CROMWELL LLP
    1888 Century Park East, Suite 2100
9   Los Angeles, California  90067
    Telephone:   (310) 712-6600
10  Facsimile:    (310) 712-8800

11  *Attorneys for Defendant MRV Communications, Inc.,*
    *with authority to execute on behalf of Individual*
12  *Defendants*

13                  **UNITED STATES DISTRICT COURT**
                    **CENTRAL DISTRICT OF CALIFORNIA**
14
15  _____
    KEVIN D. RAMSEY, Individually And )   Civil Action No. CV-08-04561
    On Behalf of All Similarly Situated,  )   GAF(RCx)
16                                    )
                        Plaintiff,   )   Honorable Gary A. Feess
17                                    )
            v.                        )
18                                    )
    MRV COMMUNICATIONS INC.,          )
    NOAM LOTAN, SHAY GONEN,           )   [PROPOSED] PRELIMINARY
19  MICHAEL BLUST, KEVIN RUBIN,       )   APPROVAL ORDER PROVIDING
    GUY AVIDAN, GUENTER               )   FOR NOTICE AND HEARING IN
20  JAENSCH, IGAL SHIDLOVSKY,         )   CONNECTION WITH PROPOSED
    DANIEL TSUI, BARUCH FISHCHER,     )   CLASS ACTION SETTLEMENT
21                                    )
                        Defendants.   )
22                                    )   EXHIBIT A
                                      )
23                                    )
    _____  )
24

25       WHEREAS, on April 16, 2010, the parties to the above-captioned action

26  (the "Litigation") entered into a Stipulation and Agreement of Settlement (the

27  "Stipulation"), which is subject to review under Rule 23 of the Federal Rules of

28  Civil Procedure and which, together with the exhibits thereto, sets forth the terms

and conditions of the proposed settlement of the claims alleged in the Second Amended Consolidated Class Action Complaint for Violation of the Federal Securities Laws ("Second Amended Complaint") on the merits and with prejudice (the "Settlement"); and the Court having read and considered the Stipulation and the accompanying exhibits; and the parties to the Stipulation having consented to the entry of this Order; and all capitalized terms used herein having the meanings defined in the Stipulation;

NOW, THEREFORE, IT IS HEREBY ORDERED, this _____ day of _____, 2010 that:

1.     The Court has reviewed the Stipulation and preliminarily finds the Settlement set forth therein to be fair, reasonable and adequate, subject to further consideration at the settlement hearing described below.

2.     The Court hereby certifies the following class for the purposes of settlement only (the "Settlement Class"), pursuant to Rule 23(a) and Rule 23(b)(3) of the Federal Rules of Civil Procedure:  all Persons that purchased the common stock of MRV Communications, Inc. ("MRV" or the "Company") during the period between March 31, 2003 and October 8, 2009, inclusive, and were damaged thereby.  Excluded from the Settlement Class are: Defendants; the current and former officers and directors of the Company; the members of the immediate families of any excluded Person; the legal representatives, heirs, successors or assigns of any excluded Person; any entity in which any Defendant has or had a controlling interest; and any Person that timely and validly seeks exclusion from the Settlement Class.

3.     The Court finds and concludes that the prerequisites of class action certification under Fed. R. Civ. P. 23(a) and 23(b)(3) have been satisfied for the Settlement Class defined herein, in that:

(a)     the members of the Settlement Class are so numerous that joinder of all Class Members is impracticable;

           (b)      there are questions of law and fact common to the Class Members;

           (c)      Lead Plaintiff's claims are typical of the Settlement Class's claims;

           (d)      Lead Plaintiff and his counsel have fairly and adequately represented and protected the interests of the Settlement Class;

           (e)      the questions of law and fact common to the Class Members predominate over any individual questions; and

           (f)      a class action is superior to other available methods for the fair and efficient adjudication of the controversy, considering that the claims of Class Members in the Litigation are substantially similar and would, if tried, involve substantially identical proofs and may therefore be efficiently litigated and resolved on an aggregate basis as a class action; the amounts of the claims of many of the Class Members are too small to justify the expense of individual actions; and it does not appear that there is any intent among Class Members in individually controlling the litigation of their claims.

4.      Pursuant to Rule 23 of the Federal Rules of Civil Procedure, and for the purposes of the Settlement only, Lead Plaintiff Kwok Wong is certified as Class Representative.  The law firm of Labaton Sucharow LLP is appointed Class Counsel.

5.      A hearing (the "Settlement Hearing") pursuant to Rule 23(e) of the Federal Rules of Civil Procedure is hereby scheduled to be held before the Court on _____, 2010, at ___:_____  __.m. for the following purposes:

           (a)      to determine whether the proposed Settlement is fair, reasonable and adequate, and should be approved by the Court;

           (b)      to determine whether the Final Order and Judgment as provided under the Stipulation should be entered, dismissing the Second Amended Complaint filed herein, on the merits and with prejudice, and to determine whether

the release by the Settlement Class of the Released Claims, as set forth in the Stipulation, should be provided to the Released Defendant Parties;

(c)     to determine whether the Settlement Class should be certified for settlement purposes only and the appointment of Lead Plaintiff and Lead Counsel as Class Representative and Class Counsel, respectively;

(d)     to determine whether the proposed Plan of Allocation for the proceeds of the Settlement is reasonable and should be approved by the Court;

(e)     to consider Lead Counsel's application for an award of attorneys' fees and expenses;

(f)     to consider Lead Plaintiff's application, if any, for his reasonable costs and expenses (including lost wages) relating to his representation of the Settlement Class; and

(g)     to rule upon such other matters as the Court may deem appropriate.

6.     The Court reserves the right to approve the Settlement with or without modification and with or without further notice of any kind.  The Court further reserves the right to enter the Final Order and Judgment approving the Settlement and dismissing the Second Amended Complaint on the merits and with prejudice regardless of whether it has approved the Plan of Allocation or awarded attorneys' fees and expenses.  The Court may also adjourn the Settlement Hearing or modify any of the dates herein without further notice to members of the Settlement Class.

7.     The Court approves the form, substance and requirements of the Notice of Pendency of Class Action and Proposed Settlement (the "Notice") and the Proof of Claim and Release form ("Proof of Claim"), annexed hereto as Exhibits 1 and 2 respectively.

8.     The Court approves the appointment of Berdon Claims Administration LLC as the Claims Administrator to supervise and administer the notice procedure as well as the processing of claims as more fully set forth below.

1    The Claims Administrator shall cause the Notice and the Proof of Claim,

2    substantially in the forms annexed hereto ("Claim Packet"), to be mailed, by first

3    class mail, postage prepaid, on or before _____, 2010 ("Notice Date"),

4    to all Class Members who can be identified with reasonable effort.  As these

5    mailings will be made to the Settlement Class Member's last known address, it is

6    possible that Claim Packets will be returned by the post office.  If a forwarding

7    address is provided by the post office, the Claims Administrator shall re-send the

8    Claim Packet to the Settlement Class Member at that new address.  If the post

9    office does not provide an updated address, then the Claims Administrator shall

10   attempt to locate the new address through a search of the National Change of

11   Address database.  If an address can be found in that database, the Claim Packet

12   shall be re-mailed to the Settlement Class Member at the updated address.  A

13   Settlement Class Member to whom the Claim Packet is re-mailed pursuant to this

14   procedure shall not have less that twenty-one (21) days to respond, provided that

15   the Claim Packet returned by the post office is received by the Claims

16   Administrator at least thirty (30) calendar days before the claims Bar Date.

17   　　　　9.　　　　Defendant MRV, to the extent it has not already done so, shall cause

18   its transfer records and shareholder information to be made available to the Claims

19   Administrator within seven (7) calendar days from the entry of this order for the

20   purpose of identifying and giving notice to the Settlement Class.  The Claims

21   Administrator shall use reasonable efforts to give notice to nominee purchasers

22   such as brokerage firms and other persons or entities who purchased or otherwise

23   acquired MRV common stock during the period from March 31, 2003 through

24   October 8, 2009, inclusive, (the "Class Period") as record owners but not as

25   beneficial owners by mailing the Claim Packet to such nominee purchasers.  Such

26   nominee purchasers are directed, within seven (7) calendar days of their receipt of

27   the Claim Packet, to either send copies of the Claim Packet to their beneficial

28   owners by first class mail, or to provide the Claims Administrator with lists of the

names and addresses of the beneficial owners, and the Claims Administrator is ordered to send the Claim Packet promptly to such identified beneficial owners by first class mail.  Nominee purchasers who elect to send the Claim Packet to their beneficial owners shall also send a statement to the Claims Administrator confirming that the mailing was made as directed.  Additional copies of the Claim Packet shall be made available to any record holder requesting such for the purpose of distribution to beneficial owners, and such record holders may be reimbursed from the Settlement Fund, after receipt by the Claims Administrator of proper documentation, for their reasonable expenses incurred in sending the Claim Packet to beneficial owners.

10.    The Claims Administrator shall also post the Claim Packet on its website.  Lead Counsel shall, at or before the Settlement Hearing, file with the Court proof of mailing and posting of the Claim Packet.

11.    The Court approves the form of the Summary Notice of Pendency of Class Action and Hearing on Proposed Settlement ("Summary Notice") substantially in the form annexed hereto as Exhibit 3 and directs that Lead Counsel shall cause the Summary Notice to be published in *Investor's Business Daily* and transmitted over *PRNewswire* within fourteen (14) calendar days of the Notice Date.  Lead Counsel shall, at or before the Settlement Hearing, file with the Court proof of publication of the Summary Notice.

12.    The form and content of the notice program described herein, and the method set forth herein of notifying the Settlement Class of the Settlement and its terms and conditions, meet the requirements of Rule 23 of the Federal Rules of Civil Procedure, Section 21D(a)(7) of the Securities Exchange Act of 1934, 15 U.S.C. § 78u-4(a)(7), as amended by the Private Securities Litigation Reform Act of 1995, and due process, constitute the best notice practicable under the circumstances, and shall constitute due and sufficient notice to all persons and entities entitled thereto.

13.     In order to be entitled to receive a distribution from the net monetary recovery pursuant to the Settlement (the "Net Settlement Fund"), in the event the Settlement is effected in accordance with the terms and conditions set forth in the Stipulation, each Class Member shall take the following actions and be subject to the following conditions:

(a)     A properly executed Proof of Claim, substantially in the form attached hereto as Exhibit 2, must be submitted to the Claims Administrator, at the address indicated in the Notice, postmarked not later than one hundred-twenty (120) calendar days after the Notice Date.  Such deadline may be further extended by Court Order.  Each Proof of Claim shall be deemed to have been submitted when postmarked (if properly addressed and mailed by first class mail, postage prepaid) provided such Proof of Claim is actually received prior to the motion for an order of the Court approving distribution of the Net Settlement Fund.  Any Proof of Claim submitted in any other manner shall be deemed to have been submitted when it was actually received at the address designated in the Notice. Any Class Member who does not timely submit a Proof of Claim within the time provided for shall be barred from sharing in the distribution of the proceeds of the Net Settlement Fund, unless otherwise ordered by the Court.

(b)     The Proof of Claim submitted by each Class Member must satisfy the following conditions, unless otherwise ordered by the Court:  (i) it must be properly completed, signed and submitted in a timely manner in accordance with the provisions of the preceding subparagraph; (ii) it must be accompanied by adequate supporting documentation for the transactions reported therein, in the form of broker confirmation slips, broker account statements, an authorized statement from the broker containing the transactional information found in a broker confirmation slip, or such other documentation as is deemed adequate by Lead Counsel; (iii) if the person executing the Proof of Claim is acting in a representative capacity, a certification of her current authority to act on behalf of

1    the Class Member must be included in the Proof of Claim; and (iv) the Proof of

2    Claim must be complete and contain no material deletions or modifications of any

3    of the printed matter contained therein and must be signed under penalty of

4    perjury.

5              (c)    As part of the Proof of Claim, each Class Member shall submit

6    to the jurisdiction of the Court with respect to the claim submitted, and shall

7    (subject to effectuation of the Settlement) release all Released Claims as provided

8    in the Stipulation.

9              (d)    Proofs of Claim that do not meet the submission requirements

10   may be rejected.  Prior to rejection of a Proof of Claim, the Claims Administrator

11   shall communicate with the claimant in order to afford the claimant the opportunity

12   to remedy curable deficiencies in the Proof of Claim submitted.  The Claims

13   Administrator, under supervision of Lead Counsel, shall notify in a timely fashion

14   (assuming receipt of the Proof of Claim by the Bar Date) and in writing, all

15   claimants whose Proofs of Claim they propose to reject in whole or in part, setting

16   forth the reasons therefore, and shall indicate in such notice that the claimant

17   whose claim is to be rejected in whole or in part has the right to a review by the

18   Court if such claimant so desires.

19             14.    Class Members shall be bound by all orders, determinations and

20   judgments in this Litigation, whether favorable or unfavorable, unless such Persons

21   request exclusion from the Settlement Class in a timely and proper manner, as

22   hereinafter provided.  A Class Member wishing to make such an exclusion request

23   shall mail the request in written form by first class mail postmarked no later than

24   _____, 2010, fourteen (14) calendar days prior to the date set herein

25   for the Settlement Hearing, to the address designated in the Notice for such

26   exclusions.  Such request for exclusion shall clearly indicate the name, address and

27   telephone number of the person seeking exclusion, that the sender requests to be

28   excluded from the Settlement Class in the *MRV Communications, Inc. Settlement*,

No. CV-08-04561 GAF (RCx), and must be signed by such person.  Such persons requesting exclusion are also directed to state:  the date(s), price(s), and number(s) of shares of all purchases, acquisitions, and sales of MRV common stock during the Class Period.  The request for exclusion shall not be effective unless it provides the required information and is made within the time stated above, or the exclusion is otherwise accepted by the Court.

15.    A Class Member may submit a written revocation of a request for exclusion to the Claims Administrator so that it is received no later than three (3) calendar days before the Settlement Hearing in order to be eligible to receive payments pursuant to the Stipulation and Settlement, provided the Class Member also timely submits a valid Proof of Claim.

16.    Class Members requesting exclusion from the Settlement Class shall not be entitled to receive any payment out of the Net Settlement Fund as described in the Stipulation and Notice.

17.    The Court will consider objections to the Settlement, the Plan of Allocation, the request for an award of attorneys' fees or the requests for reimbursement of expenses only if such objections and any supporting papers are filed in writing with:

Clerk of the Court
United States District Court
   for the Central District of California
The Roybal Federal Building
255 East Temple Street
Los Angeles, CA 90012

and copies of all such papers are delivered or sent by first class mail (with a corresponding postmark), on or before _____, 2010, fourteen (14) calendar days prior to the date set herein for the Settlement Hearing, upon each of the following:

***On behalf of Lead Plaintiff and the Settlement Class:***

LABATON SUCHAROW LLP
Jonathan Gardner
140 Broadway
New York, New York 10005

### On behalf of the Defendants:

Sullivan & Cromwell LLP
Robert A. Sacks
1888 Century Park East, Suite 2100
Los Angeles, California  90067

Attendance at the hearing is not necessary; however, Persons wishing to be heard orally in opposition to the approval of the Settlement, the Plan of Allocation, and/or the requests for attorneys' fees and other expenses are required to indicate in their written objection their intention to appear at the hearing.  Persons who intend to object to the Settlement, the Plan of Allocation, and/or the requests for an award of attorneys' fees and other expenses and desire to present evidence at the Settlement Hearing must include in their written objections the identity of any witnesses they may call to testify and exhibits they intend to introduce into evidence at the Settlement Hearing.  Class Members do not need to appear at the hearing or take any other action to indicate their approval.

18.     Any Class Member who does not make his, her or its objection in the manner provided shall be deemed to have waived such objection and shall forever be foreclosed from making any objection to the fairness, reasonableness or adequacy of the Settlement, to the Plan of Allocation, and/or the requests for an award of attorneys' fees and other expenses, unless otherwise ordered by the Court, but shall otherwise be bound by the judgment to be entered and the releases to be given.

19.     Pending final determination of whether the Settlement should be approved, Lead Plaintiff, all Class Members, and each of them, and anyone who

acts or purports to act on their behalf, shall not institute, commence or prosecute any action which asserts Released Claims against the Released Defendant Parties.

20.     As provided in the Stipulation, Lead Counsel may pay the Claims Administrator a portion of the reasonable fees and costs associated with giving notice to the Settlement Class and the review of claims and administration of the Settlement out of the Settlement Fund, including paying taxes, without further order of the Court.

21.     All papers in support of the Settlement, Plan of Allocation, Lead Counsel's request for an award of attorneys' fees and expenses and Lead Plaintiff's request, if any, for his reasonable costs and expenses (including lost wages) relating to its representation of the Settlement Class shall be filed with the Court and served by overnight mail or hand delivery no later than _____, 2010, seven (7) calendar days prior to the date set herein for the Settlement Hearing.

22.     No person who is not a Class Member, Lead Plaintiff or Lead Counsel shall have any right to any portion of, or to any distribution of, the Net Settlement Fund unless otherwise ordered by the Court or otherwise provided in the Stipulation.

23.     All funds held in escrow shall be deemed and considered to be in *custodia legis* of the Court, and shall remain subject to the jurisdiction of the Court until such time as such funds shall be distributed pursuant to the Stipulation and/or further order of the Court.

24.     If any specified condition to the Settlement set forth in the Stipulation is not satisfied and Lead Plaintiff, Lead Counsel or Defendants elect to terminate the Settlement as provided in paragraphs 39 – 40 of the Stipulation, then, in any such event, the Stipulation, including any amendment(s) thereof, except as expressly provided in the Stipulation, and this Preliminary Approval Order shall be null and void, of no further force or effect, and without prejudice to any Settling

Party, and may not be introduced as evidence or used in any actions or proceedings by any person or entity against the Parties, and each Settling Party shall be restored to his, her or its respective litigation position as it existed prior to the execution of the Stipulation.

　　　　25.　　The Court retains exclusive jurisdiction over the Litigation to consider all further matters arising out of or connected with the Settlement.

Dated:_____, 2010


＿＿＿＿＿＿＿＿＿＿＿＿＿＿＿＿＿＿＿＿＿＿＿
Honorable Gary A. Feess
UNITED STATES DISTRICT JUDGE

# Exhibit A-1

1  Christopher J. Keller (*pro hac vice*)
   Jonathan Gardner (*pro hac vice*)
2  LABATON SUCHAROW LLP
   140 Broadway
3  New York, New York 10005
   Telephone: (212) 907-0700
4  Facsimile:  (212) 818-0477

5  *Attorneys for Lead Plaintiff Kwok Wong
   and Lead Counsel for the Class*

6  Robert A. Sacks (Cal. Bar No. 150146)
   Adam S. Paris (Cal. Bar No. 190693)
7  Heidi B. Bradley (Cal. Bar No. 243403)
   SULLIVAN & CROMWELL LLP
8  1888 Century Park East, Suite 2100
   Los Angeles, California 90067
9  Telephone: (310) 712-6600
   Facsimile:  (310) 712-8800
10
11 *Attorneys for Defendant MRV Communications, Inc.,
   with authority to execute on behalf of Individual
12 Defendants*

13            **UNITED STATES DISTRICT COURT**

14            **CENTRAL DISTRICT OF CALIFORNIA**

15 _____ )
   KEVIN D. RAMSEY, Individually And )
16 On Behalf of All Similarly Situated,  )   Civil Action No. CV-08-04561
                                         )   GAF(RCx)
17                          Plaintiff,   )
                                         )
18              v.                       )
                                         )   NOTICE OF PENDENCY OF CLASS
19 MRV COMMUNICATIONS INC.,              )   ACTION AND PROPOSED
20 NOAM LOTAN, SHAY GONEN,               )   SETTLEMENT
   MICHAEL BLUST, KEVIN RUBIN,           )
21 GUY AVIDAN, GUENTER                   )
   JAENSCH, IGAL SHIDLOVSKY,             )   EXHIBIT A-1
22 DANIEL TSUI, BARUCH FISHCHER,)
23                                       )
                                         )
24                          Defendants. )
25 _____ )

26

27

28

TO:    ALL PERSONS THAT PURCHASED THE COMMON STOCK OF MRV COMMUNICATIONS, INC. ("MRV" OR THE "COMPANY") DURING THE PERIOD BETWEEN MARCH 31, 2003 AND OCTOBER 8, 2009, INCLUSIVE (THE "CLASS PERIOD"), AND WERE DAMAGED THEREBY (THE "SETTLEMENT CLASS").

YOU MAY BE ENTITLED TO A PAYMENT FROM THIS PROPOSED SETTLEMENT.

*A federal court authorized this notice.  This is not a solicitation from a lawyer.*

- If approved by the Court,[1] the proposed Settlement will create a $10 million settlement fund for the benefit of eligible investors who purchased the common stock of MRV during the Class Period.

- The Settlement would resolve a class action lawsuit alleging that MRV and Noam Lotan ("Lotan"), Shay Gonen ("Gonen"), Kevin Rubin ("Rubin"), Guy Avidan ("Avidan"), Michael Blust ("Blust"), Guenter Jaensch ("Jaensch"), Igal Shidlovsky ("Shidlovsky"), Daniel Tsui ("Tsui") and Baruch Fischer ("Fischer") (collectively, "Individual Defendants" and together with MRV, "Defendants") misled investors about MRV's financial condition (the "Litigation").  The Settlement Class is represented in the Litigation by court-appointed Lead Plaintiff Kwok Wong ("Lead Plaintiff").

- The Court will review the Settlement at the Settlement Hearing to be held on _____, 2010 at __:____ _.m.

- **Your legal rights are affected whether you act or do not act.  Read this notice carefully.**

| YOUR LEGAL RIGHTS AND OPTIONS IN THIS SETTLEMENT | |
|---|---|
| **SUBMIT A CLAIM FORM BY _____, 2010** | The *only* way to get a payment. |
| **EXCLUDE YOURSELF BY _____, 2010** | Get no payment.  This is the *only* option that allows you to ever bring or be part of any *other* lawsuit against the Defendants and the other "Released Defendant Parties" about the "Released Claims."  This is the *only* option that removes you from the Settlement Class, if you are a Class Member. |

---

[1]  All capitalized terms not otherwise defined in this document shall have the meaning provided in the Stipulation and Agreement of Settlement, dated April 16, 2010.

| **OBJECT BY _____, 2010** | Write to the Court about why you do not like the Settlement.  This will not exclude you from the Settlement Class. |
|---|---|
| **GO TO A HEARING ON _____, 2010** | Ask to speak in Court about the Settlement at the Settlement Hearing. |
| **DO NOTHING** | Get no payment.  Give up rights if you are a Class Member. |

### SUMMARY OF THIS NOTICE

**Statement of Plaintiff's Recovery**

This proposed Settlement will create a Settlement Fund of $10 million, plus interest as it accrues.  Based on Lead Plaintiff's estimate of the number of shares of common stock that may have been damaged by the alleged fraud, and assuming that all those shares participate in the Settlement, Lead Plaintiff estimates that the average recovery would be approximately $0.065 per share.[2]  This estimate is before deduction of any court-awarded expenses, such as attorneys' fees and litigation expenses, and the cost of sending this Notice and administering the distribution of the Settlement. The amount an eligible Class Member will actually recover will depend on numerous factors.  These factors are explained below and in the Plan of Allocation beginning on page 22.  Please refer to the Plan of Allocation for more information on your potential "Recognized Loss" (defined below on page 23).

**Statement of Potential Outcome if the Claims Continued to Be Litigated**

The Parties disagree about whether each or any of the Defendants is liable for the claims asserted against them and whether each or any of the Defendants caused any damages.  The issues on which the Parties disagree include, for

---

[2]  An allegedly damaged share might have been traded more than once during the Class Period, and this average recovery would be the total for all purchasers of that share.

NOTICE OF PENDENCY OF CLASS ACTION AND PROPOSED SETTLEMENT
CV-08-04561 GAF (RCx)

Questions?  Call Toll-Free 1-800-_____          2

1    example:  (1) whether Defendants made any false or material misstatements or

2    omissions; (2) whether Defendants acted with the required state of mind; (3) the

3    amount by which the prices of MRV common stock were artificially inflated (if at

4    all) during the Class Period as a result of the alleged fraud; (4) the extent that

5    MRV's alleged compensation expenses and stock option granting practices

6    influenced (if at all) the trading price of MRV's common stock during the Class

7    Period; (5) whether any purchasers of MRV common stock suffered damages as a

8    result of the alleged misstatements in and omissions from the Company's public

9    statements; and (6) the amount of such damages, assuming they exist.

10          The Defendants deny that they are liable to the Settlement Class and deny

11   that the Settlement Class has suffered any damages attributable to Defendants'

12   actions.  While Lead Plaintiff believes he and the Settlement Class have

13   meritorious claims, he recognizes that there are significant obstacles to be

14   overcome before there could be any recovery.

15   **Statement of Attorneys' Fees and Costs Sought**

16          Lead Plaintiff and Settlement Class are represented by the law firm of

17   Labaton Sucharow LLP ("Lead Counsel").  Lead Counsel has not received any

18   payment for its services in litigating the claims, nor has it been reimbursed for its

19   litigation expenses.  Lead Counsel intends to make a motion asking the Court to

20   award it attorneys' fees of no more than 25% of the Settlement Fund (including

21   any accrued interest), and reimbursement from the Settlement Fund of expenses

22   incurred during the litigation, in an amount not to exceed $125,000, plus interest.

23   Lead Plaintiff may also request that the Court award him up to $22,000 for his

24   reasonable costs and expenses, including lost wages relating to his representation

25   of the Settlement Claims.  If the Court approves the fee and expense motions, the

26   average amount of fees and expenses per damaged share of common stock will be

27

28   Notice of Pendency of Class Action and Proposed Settlement
     CV-08-04561 GAF (RCx)

1  approximately $0.017.  This amount will vary depending on the number of eligible

2  claims submitted.

3  **Further Information**

4        Further information regarding the Settlement and this Notice may be

5  obtained by contacting the Claims Administrator: *MRV Communications, Inc.*

6  *Settlement*, Claims Administrator, c/o [__], [__], 800-[__], www.[__].com; or Lead

7  Counsel: Labaton Sucharow LLP, 140 Broadway, New York, NY  10005, 800-

8  [__], www.labaton.com.  **Please Do Not Call the Court or MRV With Questions**

9  **About the Settlement.**

10  **Reasons for the Settlement**

11        For Lead Plaintiff, the principal reason for the Settlement is the immediate

12  benefit of an excellent cash recovery for the Settlement Class.  This benefit must

13  be compared to the risk that no recovery or a smaller recovery might be achieved

14  after motions to dismiss are made by Defendants, fact and expert discovery is

15  complete, summary judgment motions are made by Defendants, a contested trial

16  and likely appeals, possibly years into the future.  For Defendants, who deny all

17  allegations of wrongdoing, the principal reason for the Settlement is to eliminate

18  the burden, expense, uncertainty and risk of further litigation.

19                                 **[END OF COVER PAGE]**

20

21

22

23

24

25

26

27

28  NOTICE OF PENDENCY OF CLASS ACTION AND PROPOSED SETTLEMENT
CV-08-04561 GAF (RCx)

Questions?  Call Toll-Free 1-800-_____                    4

1

## **BASIC INFORMATION**

2

| 1. | Why did I get this notice packet? |
|---|---|

3

4

5

6

7

You or someone in your family may have purchased MRV common stock during the period between March 31, 2003 and October 8, 2009, inclusive, and may be a Class Member in this Litigation. This packet explains the lawsuit, the Settlement, Class Members' legal rights, what benefits are available, who is eligible for them and how to get them.

8

9

10

11

12

13

14

15

16

The Court directed that this Notice and the Proof of Claim and Release form ("Claim Packet") be sent to Class Members because they have a right to know about a proposed settlement of this class action lawsuit, and about all of their options, before the Court decides whether to approve the Settlement. If approved, the Settlement will end all of the Settlement Class's claims against Defendants. The Court will review the Settlement at a Settlement Hearing on _____, 2010 at __:___ _.m. If the Court approves the Settlement, and after any objections and appeals are resolved, the claims administrator appointed by the Court will make the payments that the Settlement allows.

17

18

19

20

21

22

23

24

25

26

27

Claim Packets are being mailed by First-Class Mail to potential members of the Settlement Class identified in the records of MRV or its transfer agent, or through other reasonable efforts. As these mailings will be made to potential Class Members' last known addresses, it is possible that Claim Packets will be returned by the post office. If a forwarding address is provided by the post office, the Claims Administrator will re-send a Claim Packet to that new address. If the post office does not provide an updated address, then the Claims Administrator will attempt to locate a new address through a search of the National Change of Address database. If an address can be found in that database, a Claim Packet will be re-mailed to the updated address. The Claims Administrator will also mail

28

Notice of Pendency of Class Action and Proposed Settlement
CV-08-04561 GAF (RCx)

Claim Packets to brokerage firms, banks, institutions and other nominees, who in turn are to notify their customers of the Litigation and proposed Settlement or request that the Claims Administrator mail Claim Packets to their customers at an address provided by the institution.  Additionally, Claim Packets will be posted on the Claims Administrator and Lead Counsel's websites, a notice will be published in *Investor's Business Daily* and a notice will be transmitted over *PR Newswire*.

The Court in charge of the case is the United States District Court for the Central District of California, and the case is known as *Ramsey* v. *MRV Communications, Inc. et al.*, No. 08-04561 (GAF) (RCx).  This case was assigned to United States District Judge Gary A. Feess.  The person bringing the case is called the "lead plaintiff," and the company and the persons being sued are called "defendants."

| 2. | What is this lawsuit about and what has happened so far? |
|----|----------------------------------------------------------|

The Litigation commenced on July 11, 2008 and on December 1, 2008 Kwok Wong was appointed Lead Plaintiff for the proposed class by the Court. The defendants in the Litigation are: MRV, Noam Lotan, Shay Gonen, Kevin Rubin, Guy Avidan, Michael Blust, Guenter Jaensch, Igal Shidlovsky, Daniel Tsui and Baruch Fischer.  MRV is a Delaware corporation with its principal executive offices in Chatsworth, California.  It provides communications equipment and services to carriers, governments and enterprise customers worldwide.

The main complaint in the Litigation is the Second Amended Consolidated Class Action Complaint for Violation of the Federal Securities Laws (the "Second Amended Complaint").  The Second Amended Complaint alleges, among other things, that Defendants violated Section 10(b) and 14(a) of the Securities Exchange Act of 1934 ("Exchange Act") and Rule 10b-5 by issuing allegedly false and misleading statements to investors during the Class Period regarding the

1 Company's stock option grants and compensation expenses.  The Second

2 Amended Complaint also alleges that the Individual Defendants were "control

3 persons" and are liable under Section 20(a) of the Exchange Act.  The Second

4 Amended Complaint further alleges that Lead Plaintiff and other Class Members

5 purchased MRV common stock during the Class Period at artificially inflated

6 prices and were allegedly damaged when the truth was disclosed and the stock

7 price dropped.  The Litigation seeks money damages against the Defendants for

8 violations of these federal securities laws.

9       The Parties have been litigating the case since Lead Plaintiff was appointed

10 on December 1, 2008.  Lead Plaintiff filed a First Amended Consolidated Class

11 Action Complaint for Violation of the Federal Securities Laws on January 30,

12 2009, after a extensive investigation that included, among other things: (a) review

13 and analysis of publicly available information concerning Defendants, including

14 newspaper articles, online publications, stock price charts, statements at analyst

15 conferences, and Bloomberg reports; (b) review and analysis of regulatory filings

16 made by Defendants with the United States Securities and Exchange Commission

17 ("SEC"); (c) review and analysis of securities analyst reports; (d) review and

18 analysis of press releases and media reports issued by and disseminated by

19 Defendants; (e) consultation with a damages expert; and (f) consultations with the

20 leading statistician studying stock options backdating whose scholarly work on the

21 issue is largely responsible for identifying potential backdating practices at

22 hundreds of publicly traded companies.  On February 16, 2010, Lead Plaintiff filed

23 the Second Amended Complaint, which incorporated analysis and allegations

24 about MRV's restated financial statements as of and for the years ended December

25 31, 2007 and December 31, 2006, and restated related disclosures and financial

26 data for the years ended December 31, 2007, December 31, 2006, December 31,

27 2005 and December 31, 2004, and the quarter ended March 31, 2008 (the

28 NOTICE OF PENDENCY OF CLASS ACTION AND PROPOSED SETTLEMENT
CV-08-04561 GAF (RCx)

7

1   "Restatement").  As part of confirmatory discovery preceding the Settlement, Lead

2   Plaintiff has also analyzed key documents concerning the alleged backdating

3   practices, numbering approximately 17,000 pages.  Lead Plaintiff interviewed

4   Chris King, MRV's current Chief Financial Officer, who uncovered the options

5   backdating issues and was intimately involved in the investigation of the

6   Company's stock options practices.  Lead Plaintiff also interviewed Anne-Marie

7   Frisch, who has served as the Company's stock options administrator since

8   December, 2000.

9         Defendants deny all allegations of wrongdoing contained in the Second

10  Amended Complaint and deny that they are liable.  The Settlement should not be

11  seen as an admission or concession on the part of any Defendant about any of the

12  claims, their fault or liability for damages.

13  | 3.     Why is this a class action? |

14        In a class action, one or more people called class representatives (in this case

15  the Lead Plaintiff) sue on behalf of people or entities, known as "Class Members,"

16  who have similar claims.  A class action allows one court to resolve in a single

17  case many similar claims that, if brought separately by individuals, might be

18  economically so small that they would never be brought.  One court resolves the

19  issues for all class members, except for those who exclude themselves, or "opt

20  out," from the class (discussed below).

21  | 4.     Why is there a settlement? |

22

23        The Court did not finally decide in favor of Lead Plaintiff or Defendants.

24  The Settlement will end all the claims against the Defendants in the Litigation and

25  avoid the uncertainties, time delay and costs of further litigation and any future

26  trial.  Affected investors will get compensation immediately, rather than after the

27  time it would take to conduct additional litigation and discovery, have a trial and

28  NOTICE OF PENDENCY OF CLASS ACTION AND PROPOSED SETTLEMENT
    CV-08-04561 GAF (RCx)

exhaust all appeals.  The Settlement was reached after Lead Plaintiff conducted a thorough investigation, analyzed numerous documents about MRV's stock option program produced by Defendants as part of confirmatory discovery, interviewed a key current officer of MRV as well as the administrator of MRV's stock option plan, thoroughly analyzed MRV's stock option grants with the assistance of a preeminent expert in the field of statistics, consulted with an expert in the field of damages, and engaged in arms-length negotiations about a settlement.  Several settlement discussions took place, including before an experienced impartial mediator.  These discussions ultimately resulted in an agreement to settle the claims asserted in the Litigation.  Lead Plaintiff and Lead Counsel believe the Settlement provides an excellent recovery and is in the best interest of Class Members.

## **WHO IS IN THE SETTLEMENT**

| 5.    How do I know if I am part of the Settlement? |
| --- |

The Court will be asked to certify this Litigation as a class action for Settlement purposes only and to order that everyone who fits the following description is a Class Member, unless they take steps to exclude themselves:

> *all Persons that purchased the common stock of MRV during the period between March 31, 2003 and October 8, 2009, inclusive, and were damaged thereby.  Excluded from the Settlement Class are: Defendants; the current and former officers and directors of the Company; the members of the immediate families of any excluded Person; the legal representatives, heirs, successors or assigns of any excluded Person; any entity in which any Defendant has or had a controlling interest; and any Person that timely and validly seeks exclusion from the Settlement Class.*

Receipt of this Notice does not mean that you are a Class Member.  Please check your records or contact your broker to see if you purchased or acquired MRV common stock during the Class Period.

NOTICE OF PENDENCY OF CLASS ACTION AND PROPOSED SETTLEMENT
CV-08-04561 GAF (RCx)

9

| 6.   Are there exceptions to being included in the Settlement Class? |

There are some people who cannot be in the Settlement Class.  The excluded persons are: (a) Defendants; (b) the current and former officers and directors of the Company; (c) the members of the immediate families of any excluded Person; (d) the legal representatives, heirs, successors or assigns of any excluded Person; (e) any entity in which any Defendant has or had a controlling interest; and (f) any Person that timely and validly seeks exclusion from the Settlement Class.

If you do not want to be a Class Member, for example if you want to bring or continue with your own lawsuit against the Defendants for these claims, **you must** exclude yourself by filing a request for exclusion in accordance with the requirements explained below.

If one of your mutual funds purchased or acquired shares of MRV common stock during the Class Period, that alone does not make you a Class Member.  You are a Class Member only if you (or your broker on your behalf) purchased or acquired MRV common stock during the Class Period.

| 7.   What if I am still not sure if I am included? |

If you are still not sure whether you are included, you can ask for free help from the Claims Administrator: *MRV Communications, Inc. Settlement*, Claims Administrator, c/o Berdon Claims Administration LLC, [_____], 800-[__], www.[__].com.  Or you can fill out and return the Proof of Claim and Release form ("Proof of Claim") described on page [_____], in Question 10, to see if you qualify.

## **THE SETTLEMENT BENEFITS—WHAT YOU GET**

| 8.   What does the Settlement provide? |

In the Settlement, the Defendants have agreed to fund a $10 million (before interest) account to be divided, after deduction of Court-awarded attorneys' fees

1    and expenses, reimbursement of any award to Lead Plaintiff, settlement

2    administration costs and any applicable taxes ("Net Settlement Fund"), among all

3    Class Members who timely submit valid Proofs of Claim.

4

| 9.   How much will my payment be? |
|---|

5

6        The Plan of Allocation discussed on page 22 explains how claimants'

7    "Recognized Losses" will be calculated.  Your share of the settlement fund will

8    depend on several things, including: (a) the amount of Recognized Losses of other

9    Class Members; (b) how many shares of MRV stock you bought during the Class

10    Period; (c) how much you paid for the shares; (d) when you bought them; and (e)

    whether or when you sold them (and, if so, for how much you sold them).

11        It is unlikely that you will get a payment for your entire Recognized Loss,

12    given the number of potential Class Members.  After all Class Members have sent

13    in their Proofs of Claim, the payment you get will be a portion of the Net

14    Settlement Fund.  Your share will be your Recognized Loss divided by the total of

15    all Class Members' Recognized Losses and then multiplied by the total amount in

16    the Net Settlement Fund. *See* the Plan of Allocation beginning on page 23 for more

17    information.

18        Once all the Proofs of Claim are processed and reviewed and the claims are

19    calculated, Lead Counsel, without further notice to the Settlement Class, will apply

20    to the Court for an order distributing the Net Settlement Fund to the members of

21    the Settlement Class.  Lead Counsel will also ask the Court to approve payment of

22    the Claims Administrator's fees and expenses incurred in connection with

23    administering the Settlement that have not already been reimbursed.

24

25

26

27

28    NOTICE OF PENDENCY OF CLASS ACTION AND PROPOSED SETTLEMENT
     CV-08-04561 GAF (RCx)

## HOW YOU GET A PAYMENT—SUBMITTING A PROOF OF CLAIM

| 10.   How can I get a payment? |
|---|

      To qualify for a payment, you must timely send in a validly completed Proof of Claim with supporting documents (DO NOT SEND ORIGINALS of your supporting documents).  A Proof of Claim is being circulated with this Notice.  You may also get a Proof of Claim on the Internet at the websites for the Claims Administrator: www.[_____].com, or Lead Counsel: www.labaton.com.  Please read the instructions carefully, fill out the Proof of Claim form, include all the documents the form asks for, sign it, and mail it to the Claims Administrator by First-Class Mail, **postmarked no later than _____, 2010.**  *The Claims Administrator needs all of the information requested in the Proof of Claim in order to determine what you may be entitled to.*

      Proofs of Claim that do not meet the submission requirements may be rejected, in whole or in part.  Prior to rejection of your Proof of Claim, the Claims Administrator will communicate with you, in writing and in a timely fashion (assuming your claim is timely filed), in order to give you an opportunity to remedy curable deficiencies in the Proof of Claim submitted.  The Claims Administrator's notice will state the reasons for the rejection of your claim.  You will also be given the right to a review of the rejection of your claim by the Court if you, within the deadline established by the Claims Administrator, (1) serve upon the Claims Administrator a notice and statement of reasons you are contesting the rejection along with any supporting documentation, and (2) request a review by the Court.  If a dispute concerning a claim cannot be otherwise resolved, Lead Counsel will present your request for review to the Court.

| 11. | When would I get my payment? |
|---|---|

The Court will hold a hearing on _____, 2010 at __:___ _.m., to decide whether to approve the Settlement.  All Proofs of Claim need to be submitted **postmarked no later than** _____, 2010.  If the Court approves the Settlement, there may still be appeals which would delay payment, perhaps for more than a year.  It also takes time for all the Proofs of Claim to be processed. Please be patient.

| 12. | What am I giving up by staying in the Settlement Class and getting a payment? |
|---|---|

Unless you exclude yourself, you will stay in the Settlement Class, which means that once the Settlement becomes effective (the "Effective Date"), you will forever give up and release all "Released Claims" (as defined below) against the "Released Defendant Parties."[3]   You will not in the future be able to bring a case asserting any Released Claims against the Released Defendant Parties.

"Released Claims" means all claims and causes of action of every nature and description, whether known or unknown (as defined below), arising from the beginning of time to the Effective Date, whether under federal, state, common or foreign law, that Lead Plaintiff or any member of the Settlement Class (i) claimed or could have claimed against any Defendant in this Litigation arising out of or related in any way to any of the facts, matters, transactions, allegations, claims in the Second Amended Complaint or MRV's grants of stock options between 1995 and 2008, or (ii) has or could have, arising out of the defense, settlement or resolution of the Litigation (other than claims to enforce the Settlement).

---

[3]   "Released Defendant Parties" means any and all of the Defendants, and the current or former officers, directors, employees, insurers, reinsurers, attorneys, affiliates, subsidiaries, committees, managers, or fiduciaries of any Defendant, including, without limitation, MRV and current or former members of its board of directors.

NOTICE OF PENDENCY OF CLASS ACTION AND PROPOSED SETTLEMENT
CV-08-04561 GAF (RCx)

13

1  However, the release of the Released Claims shall not release, bar, waive, or

2  otherwise affect claims that have been brought or could have been brought in the

3  shareholder derivative actions captioned *In re MRV Communications, Inc.*

4  *Derivative Litigation*, Docket No. 2:08-CV-03800 GAF (RCx), pending in the

5  Central District of California, and *Ke* v. *Margalit, et al.*, Docket No. BC393856,

6  pending in the Superior Court of California, Los Angeles County, with respect to

7  which all parties reserve their rights.

8       "Unknown Claims" means any and all Released Claims, which the Lead

9  Plaintiff or any Class Member does not know to exist in his, her or its favor at the

10  time of the release of the Released Defendant Parties, and any Released

11  Defendants' Claims that any Defendant does not know exist in his, her or its favor

12  at the time of the release of the Released Plaintiff Parties, which if known by such

13  Person might have affected such Person's decisions with respect to the Settlement.

14  The Parties intend the releases contained in this Stipulation to be full and complete.

15  Consequently, with respect to any and all Released Claims and Released

16  Defendants' Claims, the Parties stipulate and agree that, upon the Effective Date,

17  the Lead Plaintiff and the Defendants shall expressly, and each Class Member shall

18  be deemed to have, and by operation of the Judgment shall have, expressly waived

19  any and all provisions, rights and benefits conferred by any law of any state or

20  territory of the United States, or principle of common law, which is similar,

21  comparable, or equivalent to Cal. Civ. Code § 1542, which provides:

22       A general release does not extend to claims which the creditor does
     not know or suspect to exist in his or her favor at the time of
23       executing the release, which if known by him or her must have
     materially affected his or her settlement with the debtor.
24

25

26       Lead Plaintiff and Defendants acknowledge, and other Class Members by

27  operation of law shall be deemed to have acknowledged, that the inclusion of

28

"Unknown Claims" in the definition of Released Claims and Released Defendants' Claims was separately bargained for and was an essential element of the Settlement.

The "Effective Date" will occur after the Judgment by the Court approving the Settlement becomes final and is not subject to appeal.  If you remain a member of the Settlement Class, all of the Court's orders will apply to you and legally bind you.

## EXCLUDING YOURSELF FROM THE SETTLEMENT

If you do not want a payment from this Settlement, but you want to keep any right you may have to sue or continue to sue the Released Defendant Parties on your own about the Released Claims, then you must take steps to exclude yourself from the Settlement.  Excluding yourself is known as "opting out" of the Settlement Class.

| 13.   How do I "opt out" (exclude myself) from the proposed Settlement? |
| --- |

To "opt out" (exclude yourself) from the Settlement Class, you must send a signed letter by First-Class Mail stating that you "request exclusion from the Settlement Class in *MRV Communications, Inc. Settlement*, No. 08-04561 (GAF) (RCx)."  Your letter must state the date(s), price(s) and number of shares of all your purchases, acquisitions and sales of MRV common stock during the Class Period.  This information is needed to determine whether you are a Class Member. In addition, you must include your name, address, telephone number, and your signature.  You must mail your exclusion request by First-Class Mail, postmarked no later than _____, 2010, to:

MRV COMMUNICATIONS, INC. SETTLEMENT
CLAIMS ADMINISTRATOR
EXCLUSIONS
C/O [NAME].
[ADDRESS]
[__]

**You cannot exclude yourself or opt out by telephone or by e-mail.**  Your exclusion request must comply with these requirements in order to be valid.  If you write to request to be excluded, you will not get any settlement payment and you cannot object to the Settlement.

If you change your mind about excluding yourself, you may submit a written revocation of your request for exclusion to the Claims Administrator.  If your revocation is received **no later than _____, 2010**, you will become a member of the Settlement Class and be eligible to receive a payment from the Settlement, provided that you timely submit a valid Proof of Claim.

| 14. | If I do not exclude myself, can I sue the Defendants and the other Released Defendant Parties for the same thing later? |
|---|---|

No.  Unless you exclude yourself, you give up any rights to sue Defendants and the other Released Defendant Parties for all Released Claims.  If you have a pending lawsuit speak to your lawyer in that case **immediately**.  You must exclude yourself from *this* Settlement Class to continue your own lawsuit.  Remember, the exclusion deadline is _____, 2010.

| 15. | If I exclude myself, can I get money from the proposed Settlement? |
|---|---|

No.  If you exclude yourself, do not send in a Proof of Claim to ask for any money.  But, you may exercise any right you may have to sue, continue to sue or be part of a different lawsuit against the Defendants and the other Released Defendant Parties.

## THE LAWYERS REPRESENTING YOU

| 16. | Do I have a lawyer in this case? |
|---|---|

The law firm of Labaton Sucharow LLP in New York, New York was appointed to represent all Class Members.  These lawyers are called Lead Counsel.  You will not be separately charged for these lawyers.  The Court will determine the

amount of Lead Counsel's fees and expenses, which will be paid from the Settlement Fund if they are approved.  If you want to be represented by your own lawyer, you may hire one at your own expense.

| 17.   How will the lawyers be paid? |
| --- |

Lead Counsel has not received any payment for its services in pursuing the claims against Defendants on behalf of the Settlement Class, nor has it been reimbursed for its litigation expenses.  At the Settlement Hearing described below, or at such other time as the Court may order, Lead Counsel will ask the Court to award it, from the Settlement Fund, attorneys' fees of no more than 25% of the Settlement Fund (including accrued interest), and to reimburse it for its litigation expenses, such as the cost of experts, that it has incurred in pursuing the Litigation. The request for reimbursement of expenses will not exceed $120,000, plus interest on the expenses at the same rate as may be earned by the Settlement Fund.  If the application for attorneys' fees and expenses is approved, the average amount of such fees and expenses per damaged share would be approximately $0.017.

The fee requested by Lead Counsel would compensate it for its efforts in achieving the Settlement for the benefit of the Settlement Class and for the risk in undertaking the Litigation on a contingency basis.  A request of 25% may be determined by the Court to be reasonable given: (a) the time and labor spent by counsel; (b) the novelty and difficulty of the claims; (c) the risk that Lead Plaintiff would not prevail; (d) the result achieved; (e) the quality of counsel's representation; and (f) the fees awarded in similar cases.  The Court will determine the amount of the award.

1

## <u>OBJECTING TO THE SETTLEMENT</u>

2

| 18.   How do I tell the Court that I do not like the proposed Settlement? |
|---|

3

4

5

6

7

8

If you are a Class Member you can object to any part of the Settlement, the proposed Plan of Allocation, the application by Lead Counsel for attorneys' fees and expenses and the application by Lead Plaintiff for reimbursement of his costs and expenses.  You must write to the Court setting out your objection, giving reasons why you think the Court should not approve any part or all of the Settlement.

9

10

11

12

13

14

15

To object, you must send a signed letter stating that you object to the proposed settlement in the case known as: *MRV Communications, Inc. Settlement*, No. 08-04561 (GAF) (RCx).  You must include your name, address, telephone number and your signature; identify the date(s), price(s) and number of shares of all purchases, acquisitions and sales of MRV stock you made during the Class Period; and state the reasons why you object to the Settlement.  This information is needed to demonstrate your membership in the Settlement Class.

16

17

18

Unless otherwise ordered by the Court, any Class Member who does not object in the manner described in this Notice will be deemed to have waived any objection and will not be able to make any objection to the Settlement in the future.

19

20

21

22

Your objection must be filed with the Court and delivered or mailed First-Class (with a corresponding postmark) **no later than** _____, 2010 to all the following:

23

24

25

26

27

28

**COURT:**                                    **LEAD COUNSEL:**

CLERK OF THE COURT                            LABATON SUCHAROW LLP
United States District Court for the          Jonathan Gardner, Esq.
    Central District of California            140 Broadway
The Roybal Federal Building                   New York, NY  10005
255 East Temple Street
Los Angeles, CA  90012


**DEFENDANTS' COUNSEL:**

SULLIVAN & CROMWELL LLP
Robert A. Sacks, Esq.
1888 Century Park East, Suite 2100
Los Angeles, California  90067

| 19.   What is the difference between objecting and requesting exclusion? |
|---|

Objecting is simply telling the Court that you do not like something about the proposed Settlement.  You can still recover from the Settlement.  You can object only if you stay in the Settlement Class.  Excluding yourself is telling the Court that you do not want to be part of the Settlement Class.  If you exclude yourself, you have no basis to object because the case no longer affects you.

## THE COURT'S SETTLEMENT HEARING

| 20.   When and where will the Court decide whether to approve the proposed Settlement? |
|---|

The Court will hold a Settlement Hearing at __:___ _.m. on _____, 2010, in Courtroom 740 of the Roybal Federal Building, the United States District Court for the Central District of California, 255 East Temple Street, Los Angeles, CA 90012.  At this hearing, the Court will consider whether the Settlement is fair, reasonable and adequate.  The Court also will consider the proposed Plan of Allocation for the proceeds of the Settlement, the application of Lead Counsel for

1   attorneys' fees and reimbursement of expenses, and the application of Lead

2   Plaintiff, if any, for his costs and expenses.  The Court will take into consideration

3   any written objections filed in accordance with the instructions set out above in the

4   answer to Question 18. We do not know how long it will take the Court to make

5   these decisions.

6        You should also be aware that the Court may change the date and time of the

7   Settlement Hearing without another notice being sent to Class Members.  If you

8   want to come to the hearing, you should check with Lead Counsel before coming

9   to be sure that the date and/or time has not changed.

10  | 21.   Do I have to come to the hearing? |

11        No.  Lead Counsel will answer questions the Court may have.  But, you are

12  welcome to come at your own expense.  If you validly submit an objection, you do

13  not have to come to Court to talk about it.

14  | 22.   May I speak at the hearing and submit additional evidence? |

15        If you object to the Settlement, you may ask the Court for permission to

16  speak at the Settlement Hearing.  To do so, you must include with your objection

17  (see Question 18 above) a statement  that it is your "notice of intention to appear in

18  *MRV Communications, Inc. Settlement*, No. 08-04561 (GAF) (RCx)."  Persons

19  who intend to object and want to present evidence at the Settlement Hearing must

20  also include in their written objection the identity of any witness they may call to

21  testify and exhibits they intend to introduce at the Settlement Hearing.  You cannot

22  speak at the hearing if you excluded yourself from the Settlement Class or if you

23  have not provided written notice of your intention to speak at the Settlement

24  Hearing according to the procedures described above and in the answer to

25  Question 18.

26

27

28  NOTICE OF PENDENCY OF CLASS ACTION AND PROPOSED SETTLEMENT
    CV-08-04561 GAF (RCx)

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

## IF YOU DO NOTHING

| 23.   What happens if I do nothing at all? |
| --- |

If you do nothing, you will get no money from this Settlement and you will not be able to start a lawsuit, continue with a lawsuit, or be part of any other lawsuit against the Defendants and the other Released Defendant Parties about the Released Claims in this case.  To share in the Net Settlement Fund you must submit a Proof of Claim (see Question 10).  To start, continue or be a part of any *other* lawsuit against the Defendants and the other Released Defendant Parties about the Released Claims in this case you must exclude yourself from this Settlement Class (*see* Question 13).

## GETTING MORE INFORMATION

| 24.   Are there more details about the proposed settlement and the lawsuit? |
| --- |

This Notice summarizes the proposed Settlement.  More details are in the Stipulation and Agreement of Settlement dated April 16, 2010 (the "Stipulation"). You may review the Stipulation filed with the Court and all documents filed in the Litigation during business hours at the Office of the Clerk of the United States District Court for the Central District of California, The Roybal Federal Building, 255 East Temple Street, Los Angeles, CA  90012.

You also can call the Claims Administrator toll free at 800-[__]; call Lead Counsel at 800-[__]; write to *MRV Communications, Inc. Settlement*, Claims Administrator, c/o [__], [__]; or visit the websites www.[__].com or www.labaton.com, where you can find answers to common questions about the Settlement, download copies of the Proof of Claim, and locate other information to help you determine whether you are a Class Member and whether you are eligible for a payment.  **Please Do Not Call the Court or MRV With Questions About the Settlement.**

NOTICE OF PENDENCY OF CLASS ACTION AND PROPOSED SETTLEMENT
CV-08-04561 GAF (RCx)

21

## INFORMATION ABOUT THE PLAN OF ALLOCATION
## OF NET SETTLEMENT FUND AMONG CLASS MEMBERS

The $10 million Settlement Amount and any interest it earns is called the Settlement Fund. The Settlement Fund, minus all taxes, costs, fees and expenses (the "Net Settlement Fund"), will be distributed according to the Plan of Allocation described below to members of the Settlement Class who timely submit valid Proofs of Claim ("Authorized Claimants"). Class Members who do not timely submit valid Proofs of Claim will not share in the Net Settlement Fund, but will otherwise be bound by the terms of the Settlement.

The Claims Administrator will determine each Authorized Claimant's share of the Net Settlement Fund based upon each Authorized Claimant's "Recognized Loss," as described below. The Plan of Allocation is not intended to estimate the amount a Class Member might have been able to recover after a trial, nor is it intended to estimate the amount that will be paid to Authorized Claimants. The Plan of Allocation is intended to fairly apportion the Settlement and it is the basis upon which the Net Settlement Fund will be proportionately divided among all the Authorized Claimants. The Court will be asked to approve the Claims Administrator's determinations before the Net Settlement Fund is distributed to Authorized Claimants. No distributions to Authorized Claimants who would receive less than $10.00 will be made, given the administrative expenses of processing and mailing such checks.

Defendants, their respective counsel, and all other Released Defendant Parties will have no responsibility for or liability whatsoever for the investment of the Settlement Fund, the distribution of the Net Settlement Fund, the Plan of Allocation or the payment of any claim. The Lead Plaintiff and Lead Counsel likewise will have no liability for their reasonable efforts to execute, administer and distribute the Settlement pursuant to the Stipulation and orders of the Court.

1    The following Plan of Allocation reflects the allegations that the price of

2    MRV common stock during the Class Period was inflated artificially by reason of

3    allegedly false and misleading statements made by the Defendants about MRV's

4    stock option granting practices and compensation expenses.  The Defendants deny

5    any allegations of liability.  The artificial inflation allegedly began on March 31,

6    2003 after MRV issued its annual report for 2002 in a Form 10-K filed with the

7    SEC.  Lead Plaintiff alleges that this statement, and subsequent statements

8    throughout the Class Period, made materially false and misleading representations

9    and omissions about the business, management, and operations of MRV,

10   specifically MRV's stock option granting practices and its accounting for stock

11   option grants.

12       Lead Plaintiff alleges that the artificial inflation was partially removed from

13   MRV's common stock on June 6, 2008 when the Company disclosed that MRV's

14   board of directors had established a special committee of independent directors to

15   review the Company's historical stock option practices and related accounting.

16   The remainder of the artificial inflation was removed from MRV's common stock

17   on October 9, 2009 in response to the Company's previous evening's disclosure

18   that it had filed its Restatement, and that it was now current with its SEC filings.

19   The Plan of Allocation described below was created with the assistance of a

20   consulting damages expert who analyzed the movement of MRV's common stock

21   after the alleged disclosures.  It takes into account the portion of these two stock

22   drops attributable to the alleged fraud.

23                   **PLAN OF ALLOCATION OF NET SETTLEMENT FUND**

24       To the extent there are sufficient funds in the Net Settlement Fund, each

25   Authorized Claimant will receive an amount equal to the Authorized Claimant's

26   Recognized Loss, as defined below.  If, however, the amount in the Net Settlement

27   Fund is not sufficient to permit payment of the total of all Recognized Losses, then

28   NOTICE OF PENDENCY OF CLASS ACTION AND PROPOSED SETTLEMENT
     CV-08-04561 GAF (RCx)

1  each Authorized Claimant will be paid the percentage of the Net Settlement Fund
2  that each Authorized Claimant's recognized claim bears to the total of the claims
3  of all Authorized Claimants ("*pro rata* share").

4      To calculate the Recognized Loss on MRV common stock purchased and
5  sold during the Class Period, such sales must be matched against purchases during
6  the Class Period.  To do so, the earliest sale will be matched first against those
7  shares in the claimant's opening position on the first day of the Class Period, and
8  then matched chronologically thereafter against each purchase made during the
9  Class Period ("FIFO Matching").  This means that sales of MRV common stock
10  will be first matched with any pre-Class Period holdings and then matched with
11  purchases during the Class Period in chronological order.  Sales of pre-Class
12  Period purchases shall have no Recognized Loss.

13      A purchase or sale of MRV common stock will be deemed to have occurred
14  on the "contract" or "trade" date as opposed to the "settlement" or "payment" date.
15  Any person or entity that sold MRV common stock "short" will have no
16  Recognized Loss with respect to such purchase during the Class Period to cover
17  said short sale.  Gifts and transfers of stock are also not eligible purchases.
18  Payment in this manner will be deemed conclusive against all Authorized
19  Claimants.

20  ***Publicly Traded MRV Common Stock***

21      Each Recognized Loss is based on the daily per share amount of artificial
22  inflation allegedly present in MRV's stock price set forth below and calculated for
each share of common stock purchased and sold.  A Recognized Loss cannot be
23  less than zero for any transaction.  A Recognized Loss shall be calculated as
24  follows:

25      I.      For shares of MRV common stock purchased or otherwise acquired
26  on or after March 31, 2003 through and including June 5, 2008 and:

27

28  NOTICE OF PENDENCY OF CLASS ACTION AND PROPOSED SETTLEMENT
CV-08-04561 GAF (RCx)

24

(a)     Sold on or before June 5, 2008, the Recognized Loss per share is $0. This determination was made because the purchase and the sale occurred before any alleged corrective disclosures were publicly revealed.  Thus, any losses that Class Members may have suffered with respect to shares of MRV common stock that were purchased on or after March 31, 2003 through and including June 5, 2008, that were sold on or before June 5, 2008, were not related to the alleged misstatements or omissions and are not compensable through this Litigation for violation of the securities laws;

(b)     Sold on or after June 6, 2008 and before October 9, 2009, the Recognized Loss per share is the lesser of: (i) the purchase price minus the sale price; and (ii) $0.37;

(c)     Still held as of the close of business on October 9, 2009, the Recognized Loss per share is the lesser of: (i) the purchase price minus $0.85; and (ii) $0.40.

II.     For shares of MRV common stock purchased or otherwise acquired on or after June 6, 2008 through and including October 8, 2009 and:

(a)     Sold on or before October 8, 2009, the Recognized Loss per share is $0.  This determination was made because a purchase was made during the class period, but the share or shares were not held through a corrective disclosure.  Thus, any losses that Class Members may have suffered with respect to shares of MRV common stock that were purchased on or after June 6, 2008 through and including October 8, 2009, that were sold on or before October 8, 2009, were not related to the alleged misstatements or omissions and are not compensable through this Litigation for violation of the securities laws;

(b)     Still held as of the close of business on October 9, 2009, the Recognized Loss per share is the lesser of: (i) the purchase price minus $0.85; and (ii) $0.03.

**SPECIAL NOTICE TO SECURITIES BROKERS AND NOMINEES**

If you purchased or acquired MRV common stock (NASDAQ ticker: MRVC; CUSIP 553477100) during the period between March 31, 2003 and October 8, 2009, inclusive, for the beneficial interest of a person or organization

1 other than yourself, the Court has directed that, WITHIN SEVEN (7) CALENDAR

2 DAYS OF YOUR RECEIPT OF THIS NOTICE, you either: (a) provide to the

3 Claims Administrator the name and last known address of each person or

4 organization for whom or which you purchased or acquired MRV common stock

5 during such time period (preferably in an MS Excel data table, setting forth (i)

6 title/registration, (ii) street address, (iii) city/state/zip; or electronically in MS

7 Word or WordPerfect files; or on computer-generated mailing labels) or; (b)

8 request additional copies of this Notice and the Proof of Claim form, which will be

9 provided to you free of charge, and within seven (7) calendar days send by First-

10 Class Mail the Notice and Proof of Claim form directly to the beneficial owners of

11 those MRV shares.

12    If you choose to follow alternative procedure (b), the Court has directed that,

13 upon such mailing, you send a statement to the Claims Administrator confirming

14 that the mailing was made as directed.  You are entitled to reimbursement from the

15 Settlement Fund of your reasonable expenses actually incurred in connection with

16 the foregoing, including reimbursement of postage expense and the cost of

17 ascertaining the names and addresses of beneficial owners.  Those expenses may

18 be paid after request and submission of appropriate supporting documentation.  All

19 communications concerning the foregoing should be addressed to the Claims

20 Administrator:

MRV COMMUNICATIONS, INC. SETTLEMENT
CLAIMS ADMINISTRATOR
EXCLUSIONS
C/O Berdon Claims Administration LLC
[_____]
[__]

Phone:  [__]; Fax:  [__]
[__]@[__].com; [__].com

Dated:  _____, 2010

NOTICE OF PENDENCY OF CLASS ACTION AND PROPOSED SETTLEMENT
CV-08-04561 GAF (RCx)

26

1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

BY ORDER OF THE COURT
UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

# Exhibit A-2

1  Christopher J. Keller (*pro hac vice*)
   Jonathan Gardner (*pro hac vice*)
2  LABATON SUCHAROW LLP
   140 Broadway
3  New York, New York  10005
   Telephone:  (212) 907-0700
4  Facsimile:   (212) 818-0477

5  *Attorneys for Lead Plaintiff Kwok Wong*
   *and Lead Counsel for the Class*
6
   Robert A. Sacks (Cal. Bar No. 150146)
7  Adam S. Paris (Cal. Bar No. 190693)
   Heidi B. Bradley (Cal. Bar No. 243403)
8  SULLIVAN & CROMWELL LLP
   1888 Century Park East, Suite 2100
9  Los Angeles, California  90067
   Telephone:   (310) 712-6600
10 Facsimile:   (310) 712-8800

11 *Attorneys for Defendant MRV Communications,*
   *Inc., with authority to execute on behalf of*
12 *Individual Defendants*

13              **UNITED STATES DISTRICT COURT**

14              **CENTRAL DISTRICT OF CALIFORNIA**

15
16 KEVIN D. RAMSEY, Individually And On      )  Civil Action No. CV-08-04561
   Behalf of All Similarly Situated,          )  GAF(RCx)
17                                            )
18                          Plaintiff,        )
                   v.                         )  PROOF OF CLAIM AND
19 MRV COMMUNICATIONS INC.,                   )  RELEASE FORM
   NOAM LOTAN, SHAY GONEN,                     )
20 MICHAEL BLUST, KEVIN RUBIN,                 )  EXHIBIT A-2
   GUY AVIDAN, GUENTER                         )
21 JAENSCH, IGAL SHIDLOVSKY,                   )
   DANIEL TSUI, BARUCH FISHCHER,               )
22                                            )
23                          Defendants.       )
                                              )
24                                            )

25 **I.     GENERAL INSTRUCTIONS**

26         1.     To be eligible to receive a recovery from the Net Settlement Fund as a

27 Member of the Settlement Class in the class action lawsuit entitled *Ramsey* v. *MRV*

28

*Communications, Inc., et al.*, No. CV-08-04561 GAF(RCx) (the "Litigation"), you must complete and, on page 10 below, sign this Proof of Claim and Release form ("Proof of Claim"). If you fail to submit a timely, properly completed and addressed (as set forth in paragraph 3 below) Proof of Claim, your claim may be rejected and you may be precluded from any recovery from the Net Settlement Fund created in connection with the Settlement of the Litigation.

2.      Submission of this Proof of Claim, however, does not ensure that you will share in the Net Settlement Fund, even if you are a Class Member.

3.      **YOU MUST MAIL YOUR COMPLETED AND SIGNED PROOF OF CLAIM POSTMARKED ON OR BEFORE _____, 2010, ADDRESSED AS FOLLOWS:**

*MRV COMMUNICATIONS, INC. SETTLEMENT*
CLAIMS ADMINISTRATOR
C/O [_____]
[_____]
[___]

If you are NOT a member of the Settlement Class (as defined in the Notice of Pendency of Class Action and Proposed Settlement ("Notice")) DO NOT submit this Proof of Claim. You are not entitled to a recovery.

4.      If you are a member of the Settlement Class and you have not timely and validly requested to be excluded from the Settlement Class, you will be bound by the terms of the Final Order and Judgment entered by the Court, WHETHER OR NOT YOU SUBMIT A PROOF OF CLAIM.

II.      **DEFINITIONS**

All capitalized terms not otherwise defined herein shall have the same meaning as set forth in the Notice that accompanies this Proof of Claim and in the Stipulation and Agreement of Settlement.

### III.    IDENTIFICATION OF CLAIMANT

1.    You are a Class Member if you purchased the common stock of MRV Communications, Inc. ("MRV" or the "Company") during the period between March 31, 2003 and October 8, 2009, inclusive (the "Class Period"), and were damaged thereby and are not an excluded Person.  Excluded from the Settlement Class are: Defendants; the current and former officers and directors of the Company; the members of the immediate families of any excluded Person; the legal representatives, heirs, successors or assigns of any excluded Person; any entity in which any Defendant has or had a controlling interest; and any Person that timely and validly seeks exclusion from the Settlement Class.

2.    If the MRV common stock you purchased was held in your name, you are the beneficial purchaser *as well as* the record purchaser.  If, however, you purchased MRV common stock during the Class Period through a third party, such as a nominee or brokerage firm, and the securities were registered in the name of that third party, you are the beneficial purchaser of these securities, *but the third party* is the record purchaser of these securities.

3.    Use Part I of this form entitled "Claimant Identification" to identify each beneficial purchaser of MRV common stock that forms the basis of this claim, as well as the purchaser of record if different.  THIS CLAIM MUST BE SUBMITTED BY THE ACTUAL BENEFICIAL PURCHASER(S), OR AUTHORIZED ACQUIRER(S) OR LEGAL REPRESENTATIVE(S) OF SUCH BENEFICIAL PURCHASER(S) OF THE MRV COMMON STOCK UPON WHICH THIS CLAIM IS BASED.

4.    All joint beneficial purchasers must sign this claim.  Executors, administrators, guardians, conservators and trustees must complete and sign this claim on behalf of Persons represented by them and their authority must accompany this claim and their titles or capacities must be stated.  The Social

1   Security (or employer identification) number and telephone number of one of the

2   beneficial owner(s) may be used in verifying this claim.  Failure to provide the

3   foregoing information could delay verification of your claim or result in rejection

4   of your claim.

5   **IV.    IDENTIFICATION OF TRANSACTION(S)**

6        1.    Use Part II of this form entitled "Schedule of Transactions in MRV

7   Common Stock" to supply all required details of your transaction(s) in MRV

8   common stock.  If you need more space or additional schedules, attach separate

9   sheets providing all of the required information in substantially the same form.

10  Sign and print or type your name and include your Social Security or employer

11  identification number and the full name of the account on each additional sheet.

12       2.    On the schedules, provide all of the requested information with

13  respect to: (i) *all* of your holdings of MRV common stock as of the beginning of

14  trading on March 31, 2003; (ii) *all* of your purchases, acquisitions, sales and other

15  transactions of MRV common stock which took place at any time beginning March

16  31, 2003 through, and including, October 8, 2009; and (iii) proof of your holdings

17  of MRV common stock as of the close of trading on October 8, 2009, whether such

18  purchases, acquisitions, sales or transactions resulted in a profit or a loss.  Failure

19  to report all such transactions may result in the rejection of your claim.

20       3.    List each purchase, acquisition, sale and transaction in the Class

21  Period separately and in chronological order, by trade date, beginning with the

22  earliest.  You must accurately provide the month, day and year of each such

23  transaction you list.

24       4.    Copies of broker confirmations or other documentation of your

25  purchases, acquisitions, sales or transactions in MRV common stock must be

26  attached to your claim.  **DO NOT SEND ORIGINALS**.  Failure to provide this

27  documentation could delay verification of your claim or result in rejection of your

28

1   claim.  The Parties and the Claims Administrator do not independently have

2   information about your investments in MRV common stock. The Claims

3   Administrator may also request additional information as needed to efficiently and

4   reliably calculate your losses.

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

**UNITED STATES DISTRICT COURT**
**FOR THE CENTRAL DISTRICT OF CALIFORNIA**

*MRV Communications, Inc. Settlement*
*CV-08-04561 GAF (RCx)*
**PROOF OF CLAIM AND RELEASE**

Must be Postmarked No Later Than:
_____, 2010

Please Type or Print

## PART I:   CLAIMANT IDENTIFICATION

_____
Beneficial Owner's Name (First, Middle, Last)

_____
Street Address

_____     _____
City                                        State              Zip Code

_____     _____
Foreign Province                     Foreign Country

_____
Social Security Number or
Employer Identification Number

Check appropriate box:
☐ Individual or Sole Proprietor  ☐ Pension Plan  ☐ Estate
☐ Corporation  ☐ Partnership  ☐ Trust  ☐ Joint Owners
☐ IRA  ☐ Other

_____     _____ (work)
Area Code                              Telephone Number

_____     _____ (home)
Area Code                              Telephone Number

_____     _____
E-mail address                              Facsimile Number

Were your shares held in "street name" (i.e., in the name of a stock broker or other nominee)?  If so, that broker or nominee is the Record Owner and you are required to fill in the following line.

Record Owner's Name (if different from beneficial owner listed above); e.g., brokerage firm, bank, nominee, etc.

## PART II: SCHEDULE OF TRANSACTIONS IN MRV COMMON STOCK

A.    Number of shares of MRV common stock held at the beginning of trading on March 31, 2003: _____

B.    Purchases or other acquisitions, including by way of exchange, conversion or otherwise (on or after March 31, 2003 through and including October 8, 2009) of MRV common stock:

| Trade Date Month/Day/Year | Number of Shares Purchased or Acquired | Total Purchase Price* |
|---|---|---|
| 1._____ | _____ | _____ |
| 2._____ | _____ | _____ |
| 3._____ | _____ | _____ |
| 4._____ | _____ | _____ |
| 5._____ | _____ | _____ |

C.    Sales or other deliveries, including by way of exchange or otherwise (on or after March 31, 2003 through and including October 8, 2009) of MRV common stock:

| Trade Date Month/Day/Year | Number of Shares Sold | Total Sales Price* |
|---|---|---|
| 1._____ | _____ | _____ |
| 2._____ | _____ | _____ |
| 3._____ | _____ | _____ |
| 4._____ | _____ | _____ |
| 5._____ | _____ | _____ |

D.    Number of shares of MRV common stock held at the close of trading on October 8, 2009: _____

**\* Excluding taxes, fees and commissions.**

If you require additional space, attach extra schedules in the same format as above. Sign and print your name and include your Social Security or employer identification number and full account name on each additional page.

**YOU ARE NOT FINISHED,
PLEASE READ THE RELEASE AND SIGN ON PAGE [_____] BELOW.
FAILURE TO SIGN THE RELEASE MAY RESULT IN A DELAY IN
PROCESSING OR THE REJECTION OF YOUR CLAIM.**

**V.      SUBMISSION TO THE JURISDICTION OF THE COURT
          AND ACKNOWLEDGMENTS**

I (We) submit this Proof of Claim under the terms of the Stipulation and Agreement of Settlement ("Stipulation") described in the Notice.  I (We) also submit to the jurisdiction of the United States District Court for the Central District of California with respect to my (our) claim as a Class Member and for purposes of enforcing the release set forth herein.  I (We) further acknowledge that I (we) will be bound by and subject to the terms of any Final Order and Judgment that may be entered in the Litigation.  I (We) agree to furnish additional information to the Claims Administrator to support this claim if requested to do so.  I (We) have not submitted any other claim covering the same purchases, acquisitions or sales or holdings of MRV common stock during the Class Period and know of no other Person having done so on my (our) behalf.

**VI.     RELEASE**

1.       I (We) hereby acknowledge full and complete satisfaction of, and do hereby fully, finally and forever settle, release and discharge from the Released Claims each and all of the Released Defendant Parties as those terms and terms related thereto are defined in the accompanying Notice.

2.       This release shall be of no force or effect unless and until the Court approves the Stipulation and the Effective Date (as defined in the Stipulation) has occurred.

1         3.    I (We) hereby warrant and represent that I (we) have not assigned or

2    transferred or purported to assign or transfer, voluntarily or involuntarily, any

3    matter released pursuant to this release or any other part or portion thereof.

4         4.    I (We) hereby warrant and represent that I (we) have included

5    information about all of my (our) purchases, acquisitions, and sales and other

6    transactions in MRV common stock which occurred during the Class Period and

7    the number of shares of MRV common stock held by me (us) at the beginning of

8    trading on March 31, 2003, and at the close of trading on October 8, 2009.

9         5.    I (We) hereby warrant and represent that I am (we are) not excluded

10   from the Settlement Class as defined herein and in the Notice.

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

PROOF OF CLAIM AND RELEASE FORM
CV-08-04561 GAF (RCx)

9

**CERTIFICATION**

UNDER THE PENALTY OF PERJURY, I (WE) CERTIFY THAT:

1.  The number shown on this form is my correct Social Security or employer identification number; and

2.  I (We) certify that I am (we are) NOT subject to backup withholding under the provisions of Section 3406 (a)(1)(C) of the Internal Revenue Code because: (a) I am (we are) exempt from backup withholding; or (b) I (we) have not been notified by the Internal Revenue Service that I am (we are) subject to backup withholding as a result of a failure to report all interest or dividends; or (c) the Internal Revenue Service has notified me (us) that I am (we are) no longer subject to backup withholding.

    NOTE: If you have been notified by the Internal Revenue Service that you are subject to backup withholding, you must cross out Item 2 above.

    The Internal Revenue Service does not require your consent to any provision of this document other than the certification required to avoid backup withholding.

    I declare under penalty of perjury under the laws of the United States of America that the foregoing information supplied by the undersigned is true and correct.

Executed this ___ day of _____, in _____, _____.
                        (Month / Year)           (City)          (State / Country)

_____
(Sign your name here)

_____
(Type or print your name here)

_____
(Capacity of person(s) signing, *e.g.*, Beneficial Purchaser, Executor or Administrator)

**ACCURATE CLAIMS PROCESSING TAKES A
SIGNIFICANT AMOUNT OF TIME.
THANK YOU FOR YOUR PATIENCE.**

Reminder Checklist:

1.      Please sign the above release and certification.  If this claim is being made on behalf of joint claimants, both must sign.

2.      Remember to attach supporting documentation.  Do not highlight the Proof of Claim form or supporting documentation.

3.      Do not send original stock certificates or other original documentation; please send only copies.  These items cannot be returned to you by the Claims Administrator.

4.      Keep a copy of your Proof of Claim for your records.

5.      If you desire an acknowledgment of receipt of your Proof of Claim form, please send it Certified Mail, Return Receipt Requested.

5.      If you move and/or change your name, please inform the Claims Administrator of your new address and/or name.

# Exhibit A-3

1
Christopher J. Keller (*pro hac vice*)
Jonathan Gardner (*pro hac vice*)
2
LABATON SUCHAROW LLP
140 Broadway
3
New York, New York  10005
Telephone:  (212) 907-0700
4
Facsimile:   (212) 818-0477

5
*Attorneys for Lead Plaintiff Kwok Wong*
*and Lead Counsel for the Class*
6

Robert A. Sacks (Cal. Bar No. 150146)
7
Adam S. Paris (Cal. Bar No. 190693)
Heidi B. Bradley (Cal. Bar No. 243403)
8
SULLIVAN & CROMWELL LLP
1888 Century Park East, Suite 2100
9
Los Angeles, California  90067
Telephone:   (310) 712-6600
10
Facsimile:   (310) 712-8800

11
*Attorneys for Defendant MRV*
*Communications, Inc., with authority to*
12
*execute on behalf of Individual Defendants*

13
**UNITED STATES DISTRICT COURT**

14
**CENTRAL DISTRICT OF CALIFORNIA**

| | |
|---|---|
| 15 KEVIN D. RAMSEY, Individually And On Behalf of All Similarly Situated, | ) Civil Action No. CV-08-04561 ) GAF(RCx) |
| 16 | ) |
| Plaintiff, | ) |
| 17 v. | ) SUMMARY NOTICE OF ) PENDENCY OF CLASS ACTION |
| 18 MRV COMMUNICATIONS INC., NOAM LOTAN, SHAY GONEN, | ) AND HEARING ON PROPOSED ) SETTLEMENT |
| 19 MICHAEL BLUST, KEVIN RUBIN, GUY AVIDAN, GUENTER | ) ) EXHIBIT A-3 |
| 20 JAENSCH, IGAL SHIDLOVSKY, DANIEL TSUI, BARUCH FISHCHER, | ) ) |
| 21 | ) |
| Defendants. | ) |
| 22 _____ | |

23

24

25

26

27

28

TO:   ALL PERSONS THAT PURCHASED THE COMMON STOCK OF MRV COMMUNICATIONS, INC. ("MRV") DURING THE PERIOD BETWEEN MARCH 31, 2003 AND OCTOBER 8, 2009, INCLUSIVE, AND WERE DAMAGED THEREBY (THE "SETTLEMENT CLASS").

YOU ARE HEREBY NOTIFIED, pursuant to Rule 23 of the Federal Rules of Civil Procedure and an Order of the Court, that the above-captioned action has been certified as a class action for settlement purposes only and that a settlement for $10 million has been proposed by the parties.  A hearing will be held before the Honorable Gary A. Feess of the United States District Court for the Central District of California in Room 740 of the Roybal Federal Building, the United States District Court for the Central District of California, 255 East Temple Street, Los Angeles, CA 90012, at __:___ _.m., on _____, 2010 to determine: whether the proposed settlement should be approved by the Court as fair, reasonable and adequate; whether the Settlement Class should be certified and a class representative and class counsel be appointed; whether the proposed plan of allocation for distribution of the settlement proceeds should be approved; to consider the request of Lead Counsel for attorneys' fees and reimbursement of litigation expenses; and to consider Lead Plaintiff's application, if any, for his reasonable costs and expenses (including lost wages) relating to his representation of the Settlement Class.  The Court may change the date of the hearing without providing another notice.

IF YOU ARE A MEMBER OF THE SETTLEMENT CLASS DESCRIBED ABOVE, YOUR RIGHTS WILL BE AFFECTED AND YOU MAY BE ENTITLED TO SHARE IN THE NET SETTLEMENT FUND.  If you have not yet received the full printed Notice of Pendency of Class Action and Proposed Settlement ("Notice") and a Proof of Claim and Release form ("Proof of Claim"), you may obtain copies of these documents by contacting the Claims Administrator:

*MRV Communications, Inc. Settlement*
Claims Administrator
c/o [___]
[___]
[___]

800-[__]
www.[__].com

Inquiries, other than requests for information about the status of a claim, may be made to Lead Counsel:

Labaton Sucharow LLP
Colin Holmes, Esq.
140 Broadway
New York, New York 10005
800-[__]
www.labaton.com

To participate in the proposed settlement and be eligible to receive a recovery, you must submit a valid Proof of Claim postmarked no later than _____, 2010.  To exclude yourself from the Settlement Class, you must submit a request for exclusion postmarked no later than _____, 2010.  If you are a Class Member and do not exclude yourself from the Settlement Class, you will be bound by the Final Order and Judgment of the Court.   Any objections to the Settlement must be filed with the Court and served on counsel for the parties on or before _____, 2010.  If you are a Class Member and do not timely submit a valid Proof of Claim, you will not share in the Settlement but you nevertheless will be bound by the Final Order and Judgment of the Court.

BY ORDER OF THE COURT
UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**Exhibit B**

1  Christopher J. Keller (*pro hac vice*)
   Jonathan Gardner (*pro hac vice*)
2  LABATON SUCHAROW LLP
   140 Broadway
3  New York, New York  10005
   Telephone:  (212) 907-0700
4  Facsimile:   (212) 818-0477

5  *Attorneys for Lead Plaintiff Kwok Wong*
   *and Lead Counsel for the Class*

6
7  Robert A. Sacks (Cal. Bar No. 150146)
   Adam S. Paris (Cal. Bar No. 190693)
   Heidi B. Bradley (Cal. Bar No. 243403)
8  SULLIVAN & CROMWELL LLP
   1888 Century Park East, Suite 2100
9  Los Angeles, California  90067
   Telephone:   (310) 712-6600
10 Facsimile:   (310) 712-8800

11 *Attorneys for Defendant MRV Communications, Inc.,*
   *with authority to execute on behalf of Individual*
12 *Defendants*

13
                **UNITED STATES DISTRICT COURT**
14
                **CENTRAL DISTRICT OF CALIFORNIA**
15

16 | KEVIN D. RAMSEY, Individually And ) |
   | On Behalf of All Similarly Situated, ) | Civil Action No. CV-08-04561
17 |                                     ) | GAF(RCx)
   |                    Plaintiff,       ) |
18 |           v.                        ) | Honorable Gary A. Feess
   |                                     ) |
19 | MRV COMMUNICATIONS INC.,            ) | [PROPOSED] FINAL ORDER AND
   | NOAM LOTAN, SHAY GONEN,             ) | JUDGMENT
20 | MICHAEL BLUST, KEVIN RUBIN,         ) |
   | GUY AVIDAN, GUENTER                 ) | EXHIBIT B
21 | JAENSCH, IGAL SHIDLOVSKY,           ) |
   | DANIEL TSUI, BARUCH FISHCHER,)      ) |
22 |                                     ) |
   |                    Defendants.      ) |
23 | _____ ) |

24
25
26
27
28

**WHEREAS:**

A.    On April 16, 2010, Lead Plaintiff, Kwok Wong ("Lead Plaintiff"), acting on behalf of himself and the Settlement Class, entered into a Stipulation and Agreement of Settlement (the "Stipulation") with Defendants in these consolidated actions (the "Litigation").

B.    Pursuant to the Preliminary Approval Order Providing for Notice and Hearing in Connection With Proposed Class Action Settlement, entered _____, 2010 (the "Preliminary Approval Order"), the Court scheduled a hearing for _____, 2010, at ____ ___ _.m. (the "Settlement Hearing") to *inter alia*: (a) determine whether the proposed settlement of the Litigation on the terms and conditions provided for in the Stipulation is fair, reasonable and adequate, and should be approved by the Court; and (b) determine whether a judgment as provided for in the Stipulation should be entered.  The Court ordered that the Notice of Pendency of Class Action and Proposed Settlement (the "Notice") and a Proof of Claim and Release form ("Proof of Claim"), in the form attached as Exhibits 1 and 2 to the Preliminary Approval Order, be mailed by first-class mail, postage prepaid, on or before _____, 2010 ("Notice Date") to all putative Class Members at the address of each such Person as set forth in the records of MRV Communications, Inc. ("MRV") or its transfer agent, or who otherwise could be identified through reasonable effort, and that a Summary Notice of Pendency of Class Action and Hearing on Proposed Settlement (the "Summary Notice"), in the form attached to the Preliminary Approval Order as Exhibit 3, be published in *Investor's Business Daily* and transmitted over *PRNewswire* within fourteen (14) calendar days of the Notice Date.

C.    The Notice and the Summary Notice advised Class Members of the date, time, place and purpose of the Settlement Hearing.  The Notice further advised that any objections to the Settlement were required to be filed with the Court and served on counsel for the Parties by _____, 2010.

D.      The provisions of the Preliminary Approval Order as to notice were complied with.

E.      On _____, 2010, Lead Plaintiff moved for final approval of the Settlement, as set forth in the Preliminary Approval Order.  The Settlement Hearing was duly held before this Court on _____, 2010, at which time all interested Persons were afforded the opportunity to be heard.

F.      This Court has duly considered the Lead Plaintiff's motion, the affidavits, declarations and memorandum of law submitted in support thereof, and all of the submissions and arguments presented with respect to the proposed Settlement.

NOW, THEREFORE, after due deliberation, IT IS ORDERED, ADJUDGED AND DECREED that:

1.      This Judgment incorporates by reference the definitions in the Stipulation, and all capitalized terms used herein shall have the same meanings as set forth in the Stipulation.

2.      This Court has jurisdiction over the subject matter of the Litigation and over all Parties to the Litigation, including all members of the Settlement Class.

3.      The Court hereby finally certifies the following class for the purposes of settlement only (the "Settlement Class"), pursuant to Rule 23(a) and Rule 23(b)(3) of the Federal Rules of Civil Procedure:  all Persons that purchased the common stock of MRV during the period between March 31, 2003 and October 8, 2009, inclusive, and were damaged thereby.  Excluded from the Settlement Class are: Defendants; the current and former officers and directors of the Company; the members of the immediate families of any excluded Person; the legal representatives, heirs, successors or assigns of any excluded Person; any entity in which any Defendant has or had a controlling interest; and any Person that timely

1    and validly sought exclusion from the Settlement Class, as listed in Exhibit A

2    hereto.

3         4.    The Court hereby appoints Kwok Wong as Class Representative and

4    Labaton Sucharow LLP as Class Counsel.

5         5.    The notification provided for and given to the Settlement Class was in

6    compliance with the Preliminary Approval Order, and said notification constituted

7    the best notice practicable under the circumstances and is in full compliance with

8    the notice requirements of due process, Federal Rule of Civil Procedure 23 and

9    Section 21D(a)(7) of the Securities Exchange Act of 1934, 15 U.S.C. § 78u-

10   4(a)(7).

11        6.    The proposed Settlement of the Litigation on the terms and conditions

12   set forth in the Stipulation is in all respects fair, reasonable and adequate, in light

13   of the benefits to the Settlement Class, the complexity, expense and possible

14   duration of further litigation against the Defendants, the risks of establishing

15   liability and damages and the costs of continued litigation.  This Court further finds

16   the Settlement set forth in the Stipulation is the result of arm's-length negotiations

17   between experienced counsel representing the interests of the Lead Plaintiff, the

18   Settlement Class and Defendants.

19        7.    The Stipulation and the proposed Settlement are hereby approved as

20   fair, reasonable, adequate and in the best interests of the Class Members, and shall

21   be consummated in accordance with the terms and provisions of the Stipulation.

22        8.    The Second Amended Consolidated Class Action Complaint for

23   Violation of the Federal Securities Laws, filed February 16, 2010, is hereby

24   dismissed in its entirety as to all Defendants, with prejudice, and without costs to

25   any Party, except as otherwise provided in the Stipulation.

26        9.    The Court further finds, pursuant to the Private Securities Litigation

27   Reform Act, 15 U.S.C. §78u-4 (c), that during the course of the Litigation, the

28

1    Parties and their respective counsel at all times complied with the requirements of

2    Federal Rule of Civil Procedure 11.

3          10.    Upon the Effective Date, Lead Plaintiff and each Class Member,

4    whether or not such Class Member executes and delivers a Proof of Claim, other

5    than those listed in Exhibit A hereto, on behalf of themselves and each of their

6    respective heirs, executors, trustees, administrators, predecessors, successors and

7    assigns shall have fully, finally and forever waived, released, discharged and

8    dismissed each and every one of the Released Claims against each and every one

9    of the Released Defendant Parties and shall forever be barred and enjoined,

10   without the necessity of posting a bond, from commencing, instituting, prosecuting

11   or maintaining any of the Released Claims against any of the Released Defendant

12   Parties.

13         11.    Upon the Effective Date, each of the Defendants, on behalf of

14   themselves and each of their respective heirs, executors, trustees, administrators,

15   predecessors, successors and assigns shall have fully, finally and forever waived,

16   released, discharged and dismissed each and every one of the Released

17   Defendants' Claims, as against each and every one of the Released Plaintiff Parties

18   and shall forever be barred and enjoined, without the necessity of posting a bond,

19   from commencing, instituting, prosecuting or maintaining any of the Released

20   Defendants' Claims against any of the Released Plaintiff Parties.

21         12.    Each Class Member, whether or not such Class Member executes and

22   delivers a Proof of Claim, other than those listed in Exhibit A hereto, is bound by

23   this Judgment, including, without limitation, the release of claims as set forth in the

24   Stipulation.

25         13.    This Judgment and the Stipulation, and all papers related thereto are

26   not, and shall not be construed to be, an admission by any of the Defendants of any

27   liability or wrongdoing whatsoever, and shall not be offered as evidence of any

28   such liability or wrongdoing in this or any other proceeding.

14.     The administration of the Settlement, and the decision of all disputed questions of law and fact with respect to the validity of any claim or right of any Person to participate in the distribution of the Net Settlement Fund, shall remain under the authority of this Court.

15.     In the event that the Settlement does not become effective in accordance with the terms of the Stipulation, then this Judgment shall be rendered null and void to the extent provided by and in accordance with the Stipulation and shall be vacated, and in such event, all orders entered and releases delivered in connection herewith shall be null and void to the extent provided by and in accordance with the Stipulation.

16.     Without further order of the Court, the Parties may agree to reasonable extensions of time to carry out any of the provisions of the Stipulation.

17.     Any Court order regarding the Plan of Allocation or the attorneys' fee and expense application shall in no way disturb or affect this Judgment and shall be considered separate from this Judgment.

18.     Without affecting the finality of this Judgment in any way, this Court hereby retains continuing jurisdiction over: (a) implementation of the Settlement and any award or distribution of the Net Settlement Fund, including interest earned thereon; (b) disposition of the Settlement Fund; (c) hearing and determining applications for attorneys' fees, costs, interest and reimbursement of expenses in the Litigation; and (d) all Parties hereto for the purpose of construing, enforcing and administering the Settlement.  There is no just reason for delay in the entry of this Judgment and immediate entry by the Clerk of the Court is expressly directed.

Dated: _____, 2010


_____
Honorable Gary A. Feess
UNITED STATES DISTRICT JUDGE

1

**EXHIBIT A**

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28