Christopher J. Keller (*pro hac vice*)
Jonathan Gardner (*pro hac vice*)
LABATON SUCHAROW LLP
140 Broadway
New York, New York 10005
Telephone: (212) 907-0700
Facsimile: (212) 818-0477

*Attorneys for Lead Plaintiff Kwok Wong and Lead Counsel for the Class*

Robert A. Sacks (Cal. Bar No. 150146)
Adam S. Paris (Cal. Bar No. 190693)
Heidi B. Bradley (Cal. Bar No. 243403)
SULLIVAN & CROMWELL LLP
1888 Century Park East, Suite 2100
Los Angeles, California 90067
Telephone: (310) 712-6600
Facsimile: (310) 712-8800

*Attorneys for Defendant MRV Communications, Inc., with authority to execute on behalf of Individual Defendants*

# UNITED STATES DISTRICT COURT

# CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| KEVIN D. RAMSEY, Individually And On Behalf of All Similarly Situated,<br><br>                           Plaintiff,<br><br>          v.<br><br>MRV COMMUNICATIONS INC., NOAM LOTAN, SHAY GONEN, MICHAEL BLUST, KEVIN RUBIN, GUY AVIDAN, GUENTER JAENSCH, IGAL SHIDLOVSKY, DANIEL TSUI, BARUCH FISHCHER,<br><br>                           Defendants. | Civil Action No. CV-08-04561 GAF(RCx)<br><br>Honorable Gary A. Feess<br><br>FINAL ORDER AND JUDGMENT |

**WHEREAS:**

A.   On April 16, 2010, Lead Plaintiff, Kwok Wong ("Lead Plaintiff"), acting on behalf of himself and the Settlement Class, entered into a Stipulation and Agreement of Settlement (the "Stipulation") with Defendants in these consolidated actions (the "Litigation").

B.   Pursuant to the Preliminary Approval Order Providing for Notice and Hearing in Connection With Proposed Class Action Settlement, entered May 17, 2010 (the "Preliminary Approval Order"), the Court scheduled a hearing for November 15, 2010, at 9:30 a.m. (the "Settlement Hearing") to *inter alia*: (a) determine whether the proposed settlement of the Litigation on the terms and conditions provided for in the Stipulation is fair, reasonable and adequate, and should be approved by the Court; and (b) determine whether a judgment as provided for in the Stipulation should be entered.  The Court ordered that the Notice of Pendency of Class Action and Proposed Settlement (the "Notice") and a Proof of Claim and Release form ("Proof of Claim"), in the form attached as Exhibits 1 and 2 to the Preliminary Approval Order, be mailed by first-class mail, postage prepaid, on or before May 31, 2010 ("Notice Date") to all putative Class Members at the address of each such Person as set forth in the records of MRV Communications, Inc. ("MRV") or its transfer agent, or who otherwise could be identified through reasonable effort, and that a Summary Notice of Pendency of Class Action and Hearing on Proposed Settlement (the "Summary Notice"), in the form attached to the Preliminary Approval Order as Exhibit 3, be published in *Investor's Business Daily* and transmitted over *PRNewswire* within fourteen (14) calendar days of the Notice Date.

C.   The Notice and the Summary Notice advised Class Members of the date, time, place and purpose of the Settlement Hearing.  The Notice further advised that any objections to the Settlement were required to be filed with the Court and served on counsel for the Parties by November 1, 2010.

D. The provisions of the Preliminary Approval Order as to notice were complied with.

E. On October 18, 2010, Lead Plaintiff moved for final approval of the Settlement, as set forth in the Preliminary Approval Order. The Settlement Hearing was duly held before this Court on November 15, 2010, at which time all interested Persons were afforded the opportunity to be heard.

F. This Court has duly considered the Lead Plaintiff's motion, the affidavits, declarations and memorandum of law submitted in support thereof, and all of the submissions and arguments presented with respect to the proposed Settlement.

NOW, THEREFORE, after due deliberation, IT IS ORDERED, ADJUDGED AND DECREED that:

1. This Judgment incorporates by reference the definitions in the Stipulation, and all capitalized terms used herein shall have the same meanings as set forth in the Stipulation.

2. This Court has jurisdiction over the subject matter of the Litigation and over all Parties to the Litigation, including all members of the Settlement Class.

3. The Court hereby finally certifies the following class for the purposes of settlement only (the "Settlement Class"), pursuant to Rule 23(a) and Rule 23(b)(3) of the Federal Rules of Civil Procedure: all Persons that purchased the common stock of MRV during the period between March 31, 2003 and October 8, 2009, inclusive, and were damaged thereby. Excluded from the Settlement Class are: Defendants; the current and former officers and directors of the Company; the members of the immediate families of any excluded Person; the legal representatives, heirs, successors or assigns of any excluded Person; any entity in which any Defendant has or had a controlling interest; and any Person that timely

and validly sought exclusion from the Settlement Class, as listed in Exhibit A hereto.

4.  The Court hereby appoints Kwok Wong as Class Representative and Labaton Sucharow LLP as Class Counsel.

5.  The notification provided for and given to the Settlement Class was in compliance with the Preliminary Approval Order, and said notification constituted the best notice practicable under the circumstances and is in full compliance with the notice requirements of due process, Federal Rule of Civil Procedure 23 and Section 21D(a)(7) of the Securities Exchange Act of 1934, 15 U.S.C. § 78u-4(a)(7).

6.  The proposed Settlement of the Litigation on the terms and conditions set forth in the Stipulation is in all respects fair, reasonable and adequate, in light of the benefits to the Settlement Class, the complexity, expense and possible duration of further litigation against the Defendants, the risks of establishing liability and damages and the costs of continued litigation.  This Court further finds the Settlement set forth in the Stipulation is the result of arm's-length negotiations between experienced counsel representing the interests of the Lead Plaintiff, the Settlement Class and Defendants.

7.  The Stipulation and the proposed Settlement are hereby approved as fair, reasonable, adequate and in the best interests of the Class Members, and shall be consummated in accordance with the terms and provisions of the Stipulation.

8.  The Second Amended Consolidated Class Action Complaint for Violation of the Federal Securities Laws, filed February 16, 2010, is hereby dismissed in its entirety as to all Defendants, with prejudice, and without costs to any Party, except as otherwise provided in the Stipulation.

9.  The Court further finds, pursuant to the Private Securities Litigation Reform Act, 15 U.S.C. §78u-4 (c), that during the course of the Litigation, the

Parties and their respective counsel at all times complied with the requirements of Federal Rule of Civil Procedure 11.

10. Upon the Effective Date, Lead Plaintiff and each Class Member, whether or not such Class Member executes and delivers a Proof of Claim, other than those listed in Exhibit A hereto, on behalf of themselves and each of their respective heirs, executors, trustees, administrators, predecessors, successors and assigns shall have fully, finally and forever waived, released, discharged and dismissed each and every one of the Released Claims against each and every one of the Released Defendant Parties and shall forever be barred and enjoined, without the necessity of posting a bond, from commencing, instituting, prosecuting or maintaining any of the Released Claims against any of the Released Defendant Parties.

11. Upon the Effective Date, each of the Defendants, on behalf of themselves and each of their respective heirs, executors, trustees, administrators, predecessors, successors and assigns shall have fully, finally and forever waived, released, discharged and dismissed each and every one of the Released Defendants' Claims, as against each and every one of the Released Plaintiff Parties and shall forever be barred and enjoined, without the necessity of posting a bond, from commencing, instituting, prosecuting or maintaining any of the Released Defendants' Claims against any of the Released Plaintiff Parties.

12. Each Class Member, whether or not such Class Member executes and delivers a Proof of Claim, other than those listed in Exhibit A hereto, is bound by this Judgment, including, without limitation, the release of claims as set forth in the Stipulation.

13. This Judgment and the Stipulation, and all papers related thereto are not, and shall not be construed to be, an admission by any of the Defendants of any liability or wrongdoing whatsoever, and shall not be offered as evidence of any such liability or wrongdoing in this or any other proceeding.

14. The administration of the Settlement, and the decision of all disputed questions of law and fact with respect to the validity of any claim or right of any Person to participate in the distribution of the Net Settlement Fund, shall remain under the authority of this Court.

15. In the event that the Settlement does not become effective in accordance with the terms of the Stipulation, then this Judgment shall be rendered null and void to the extent provided by and in accordance with the Stipulation and shall be vacated, and in such event, all orders entered and releases delivered in connection herewith shall be null and void to the extent provided by and in accordance with the Stipulation.

16. Without further order of the Court, the Parties may agree to reasonable extensions of time to carry out any of the provisions of the Stipulation.

17. Any Court order regarding the Plan of Allocation or the attorneys' fee and expense application shall in no way disturb or affect this Judgment and shall be considered separate from this Judgment.

18. Without affecting the finality of this Judgment in any way, this Court hereby retains continuing jurisdiction over: (a) implementation of the Settlement and any award or distribution of the Net Settlement Fund, including interest earned thereon; (b) disposition of the Settlement Fund ; and, (c) all Parties hereto for the purpose of construing, enforcing and administering the Settlement.  There is no just reason for delay in the entry of this Judgment and immediate entry by the Clerk of the Court is expressly directed.

Dated:  November 16, 2010

_____
Honorable Gary A. Feess
UNITED STATES DISTRICT JUDGE

**EXHIBIT A**

| Stephen H. Bigley | Florida |
|---|---|
| Joaquim M. Santos | Rhode Island |